## Mad River Valley Enterprises, Inc. v. Town of Warren Board of Adjustment

[499 A.2d 759]

No. 83-596

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed July 19, 1985

*Julian R. Goodrich, Philip K. Dodd* and *Robert J. Ritchie* of *Gibson, Noble & Goodrich*, Montpelier, for Plaintiff-Appellee.

*Corsones & Hansen*, Rutland, for Defendant-Appellant.

*William D. Robinson*, Colchester, for Intervenors-Appellants.

**Hill, J.** This case involves an appeal by the defendant, the Town of Warren Board of Adjustment, from an order of the Washington Superior Court granting a conditional use zoning permit to the plaintiff, Mad River Valley Enterprises, Inc. (MRVE). Because plaintiff did not have standing to bring this action in superior court, we reverse and remand this case with instructions to the superior court that it be dismissed.

In March of 1982, MRVE applied for a zoning permit for conditional use approval to build a condominium hotel complex in the town of Warren. Because there was a proposed zoning bylaw change being considered by the town at that time, MRVE's application was referred to the Town of Warren Board of Selectmen. 24 V.S.A. § 4443(c). After hearings, the Board of Selectmen gave its approval subject to certain conditions. The Warren Board of Adjustment then considered the matter and denied the conditional use application. MRVE filed a notice of appeal to Washington Superior Court requesting a de novo hearing on the application. 24 V.S.A. §§ 4471-4472. The superior court granted MRVE a conditional use permit subject to conditions similar to those imposed in the Board of Selectmen's approval. The Town of Warren Board of Adjustment and neighboring landowners who had intervened in the superior court action appealed.

Title 24 V.S.A. § 4471 provides for appeals to superior court of decisions of zoning boards of adjustment. To appeal under this section, "the appellant must be an 'interested person,' as defined in 24 V.S.A. § 4464(b)." *Kalakowski* v. *John A. Russell Corp.*, 137 Vt. 219, 221, 401 A.2d 906, 908 (1979). Section 4464(b) sets forth six categories of "interested person[s]." Only the first and third categories apply to persons with interests in property affected by a bylaw. The statute is clear, however, in that only the first category applies to the developers here, while the other cate-

gories apply to those seeking to attack the granting of a permit. Under that provision, an "interested person" is:

A person owning title to property affected by a by-law who alleges that such regulation imposes on such property unreasonable or inappropriate restrictions of present or potential use under the particular circumstances of the case.

24 V.S.A. § 4464(b)(1).

The Town of Warren Board of Adjustment and the intervenors sought to have MRVE's appeal in superior court dismissed because MRVE did not have standing to pursue its appeal by virtue of its failure to satisfy the "interested person" requirement. The superior court held a hearing on this issue and concluded that MRVE was an interested person with standing to appeal the decision of the Board of Adjustment. It made this determination based "on the nature of the relationship between Sugarbush [Valley, Inc., the record title holder], MRVE, Disick and Pacilli [officers of MRVE who individually contracted with Sugarbush Valley, Inc. for the purchase of the property]." The court determined it was "evident that these parties were working toward a common goal and had a shared interest in obtaining the right to have a hotel built on the subject property, [and that] [i]f the original appeal was defective, . . . all the real parties in interest have ratified the action and . . . dismissal at this time would be inequitable." No determination was made, however, that MRVE was a person owning title to the property. The court's findings and the evidence presented to the court reveal that MRVE was not a person owning title to property and consequently could not have had standing to pursue an appeal in superior court. It was therefore error for the court not to have dismissed MRVE's appeal.

All MRVE's interest in the property is based on an assignment allegedly executed on March 12, 1982, by and between Disick and Pacilli as assignors and MRVE as assignee. This assignment transferred all the interests the assignors had in the property to the assignee. Absent the assignment, all the transactions regarding the property were between Sugarbush and Disick and/or Pacilli and did not include MRVE. In its decision, the court stated it was "unable to conclude that the Assignment was in fact executed on March 12, 1982." It found that "the actions of Disick, individually and as attorney-in-fact for Pacilli with respect to the Assignment, [were] inconsistent with MRVE's claim." It stated

that "[a]lthough the parties apparently envisioned an eventual transfer of right to MRVE, . . . the secret nature of the Assignment, its lack of formality and the fact that MRVE was not thereafter included in the transactions cast doubt on the effective date of the transfer."

These findings, which are supported by the evidence presented, establish that MRVE was not a person owning title to the property affected by the bylaw. MRVE's "common goal" or "shared interest" with Sugarbush, Disick and Pacilli is insufficient under the statute to render MRVE an "interested person" with standing to pursue an appeal in superior court. 24 V.S.A. §§ 4464(b), 4471. The superior court thus should have dismissed the appeal.

*Reversed and remanded, with instructions to the superior court to dismiss the appeal.*

## On Motion to Reargue

**Hill, J.** Subsequent to the filing of the opinion in this case, appellee filed a timely motion to reargue. V.R.A.P. 40. As a result of that motion, we have recalled the opinion and redrafted two sentences to clarify the Court's reasoning. Other matters raised by the appellee in its motion have been reviewed by the Court and rejected. The revision made does not change the result.

*Motion for reargument denied.*