STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Larson, <u>et al.</u>         }
                                               }
                                               }    Docket No. 70-5-01 Vtec
                                               }
                                               }

<u>Decision and Order on Remaining Issues</u>

A decision and order was entered in this matter on September 17, 2001; Appellants dispute whether that order concluded all issues in this appeal. Appellants are represented by Karl C. Anderson, Esq.; Appellee-Applicant is represented by Kevin P. Candon, Esq.; the City is represented by Henry Brislin, Esq. We address the remaining issues as identified by Appellants in the telephone hearing held on September 26, 2001.

Appellant argues that a present owner of the property, as well as Easter Seals as the prospective purchaser of the property, must sign the application. It is sufficient that the applicant have an equitable ownership interest in the property its prospective purchaser, whether under a purchase and sale agreement, option contract or other agreement. In the present case there is no secret agreement between the owner and the permit applicant , which was the disability in <u>Mad River Valley Enterprises, Inc. v. Town of Warren Board of Adjustment</u>, 146 Vt. 126 (1985). Rather, as in <u>In re Appeal of Foti</u>, Docket No. E96-209 (February 24, 1997) (entry order), the entity which will own and operate the improvements qualifies as an interested person under the statute, and qualifies as an applicant under the City= s zoning ordinance.

Appellants also argue that the Burnham Road school is simply an extension of and an integral part of the Stratton Road group home, and therefore itself is a group home, which should be prohibited because it will be located within 1000 feet of the Stratton Road group home. However, the fact remains that no residential use of the Burnham Road property is proposed. Rather, it falls within the definition of A school,@ and not within the definition of A group home,@ regardless of whether residents of a group home attend it or are required to attend it. If the state legislature or the Town had wished to establish subcategories of A school@ in the zoning statute or ordinance, which would receive differential regulatory treatment if attended by group home residents, they had ample opportunity to do so when the A group home@ definitions and regulations were being added. They did not do so, and the Court cannot create this distinction where none exists in the Zoning Ordinance or state statute.

Accordingly, as discussed by the parties in the conference held on September 26, 2001, this ruling concludes the appeal.

Done at Barre, Vermont, this 2nd day of November, 2001.

_____
Merideth Wright
Environmental Judge