STATE OF VERMONT
ENVIRONMENTAL COURT

|   |   |   |
|---|---|---|
| **Burkett 2-Lot Subdivision** | } | **Docket No. 75-4-06 Vtec** |
| **(Appeal of Smith)** | } | |

## Decision and Order on Motion to Dismiss

Dennis Smith appealed from a decision of the Town of Wallingford ("Town") Planning Commission dated March 13, 2006, denying an appeal of the Town Zoning Administrator's February 22, 2006 decision to grant a permit for a two-lot subdivision of land owned by Applicants George and Jill Burkett. Mr. Smith also seeks to appeal from the Zoning Administrator's underlying grant of the zoning permit. Mr. Smith is represented by John H. Bloomer, Jr., Esq.; Applicants are represented by Stephanie A. Lorentz, Esq.; the Town is represented by John S. Liccardi, Esq.; and Interested Person Karen Lamay represents herself. Now pending is Applicants' motion to dismiss the appeal.

## Factual Background

The following material facts are undisputed unless otherwise noted.

1. George and Jill Burkett own a parcel of land located at 2216 U.S. Route 7 South in the Town of Wallingford.

2. Dennis Smith owns land adjoining the Burketts' parcel.

3. Dennis Smith also owns a company called LMS Construction Co., Inc., and employs a secretary named Lisa Charbonneau. LMS Construction Co., Inc. does not hold title to real property in the neighborhood of the Burketts' parcel.

4. On February 22, 2006, the Town Zoning Administrator issued a zoning permit to the Burketts, permitting a two-lot subdivision of their parcel of land.

5. On March 9, 2006, Lisa Charbonneau delivered a letter of appeal (the "March 9 letter of appeal") to the Zoning Administrator, appealing the February 22, 2006 action of the Zoning Administrator to the Town Planning Commission.

6. The March 9 letter of appeal was written, signed, and delivered in person by Lisa Charbonneau.

7.     The March 9 letter of appeal was drafted on the stationary of LMS Construction Co., Inc.

8.     Lisa Charbonneau paid for the appeal with an LMS Construction Co., Inc. check.

9.     On March 13, 2006, the Planning Commission denied the appeal on the ground that Lisa Charbonneau was not a proper appellant.

10.     There has been no evidence presented that Dennis Smith attended or participated in the Planning Commission's March 13, 2006 hearing on the appeal filed by Mrs. Charbonneau.

11.     On April 12, 2006, Dennis Smith filed a notice of appeal with this Court, seeking to appeal both the February 22, 2006 action of the Zoning Administrator and the March 13, 2006 Planning Commission denial of the appeal submitted by Lisa Charbonneau.

**Discussion**

In order to initiate an appeal with this Court, Dennis Smith must be "an interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding" below.  10 V.S.A. § 8504(b)(1).  Mr. Smith arguably qualifies as an interested person under 24 V.S.A. § 4465(b)(3), which defines the term "interested person" as:

> A person owning or occupying property in the immediate neighborhood of a property that is the subject of any act or decision taken under [Chapter 117], who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accordance with the policies, purposes, or terms of the plan or bylaw of that municipality.

We must view all material facts in a light most favorable to Mr. Smith, since he is the non-moving party.  Wentworth v. Fletcher Allen Health Care, 171 Vt. 614, 616 (2000) (mem.) (citing Wilcox v. Village of Manchester Zoning Bd. of Adjustment, 159 Vt. 193, 196 (1992)). Viewing the material facts here in such a light, we conclude that Mr. Smith does meet the definition of an interested person.[1]

The question of whether Mr. Smith may bring this appeal therefore turns on whether he participated in the proceeding below.  Section 4471(a) provides that "[p]articipation in a local

---

[1]     That is, we conclude for the purposes of this motion that Mr. Smith has demonstrated "a physical or environmental impact on [his] interest under the criteria reviewed," as required by 24 V.S.A. § 4465(b)(3).

2

regulatory proceeding shall consist of offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding."

The March 9 letter of appeal qualifies as "evidence or a statement of concern" under § 4471(a), stating as it does that "I have several concerns with [the Burkett] application and the manner in which it was put through."[2]  If the March 9 letter of appeal was filed or offered by Mr. Smith, or if Mr. Smith otherwise participated in the proceeding before the Planning Commission, then he would meet the requirements for bringing this appeal.  If, on the other hand, the March 9 letter of appeal was filed not by Mr. Smith, but by Ms. Charbonneau, then Mr. Smith may not bring this appeal, absent other evidence of his participation below.

The record here does not reflect any participation below by either Mr. Smith or Ms. Charbonneau, other than the filing of the March 9 letter of appeal.  We therefore must answer the following question: who does the March 9 letter establish and give notice of as the appealing party?  Our answer will determine two jurisdictional issues: (1) did Mr. Smith participate below, and (2) did the March 9 letter of appeal provide sufficient notice of Mr. Smith's intent to appeal the decision of the Zoning Administrator.

The two-page March 9 letter of appeal contains twenty instances of the words "I," "me" or "my," including, for example, the following:

> "I am writing this letter in regard to the zoning permit that was submitted by Jill Burkett and was approved by you on 2/22/2006."
> "…I have several concerns…"
> "…I am at this time giving formal notice of an appeal…"
> "I do not see a survey included in her application…"
> "…I am well within the grace period."
> "…I am requesting at this time that I be placed on the agenda…"

The March 9 letter of appeal concludes with a signature above the printed name of "Lisa Charbonneau."  All the first-person pronouns refer to the signer of the document, that is, to Lisa Charbonneau.

The name "Dennis Smith" appears only once in the March 9 letter of appeal and the words "we" and "our" are used once and twice, respectively.  The reference to Dennis Smith appears in the following context: ""My first issue is that it does not seem due process was followed.  As an adjoining neighbor, Dennis Smith received no notification that the Burkett's

---

[2] March 9 letter of appeal at 1.  The March 9 letter of appeal is attached to Applicants' Mot. to Dismiss as Exhibit B.

3

[sic] were seeking a permit." Thus, the reference to Mr. Smith is made to put in context the author's—Ms. Charbonneau's—due process concerns.

Had Mr. Smith intended that Ms. Charbonneau's letter represent an appeal on his behalf, he need only instruct her to expressly state that "I am filing this appeal on behalf of Mr. Smith" or some similar language to provide adequate notice that Mr. Smith was the appellant. We note that Ms. Charbonneau's letter represents that it was copied to Mr. Smith. Thus, on the evidence before us, we can only conclude that Mr. Smith received a copy of the March 9 letter of appeal and did nothing to correct its absence of a clear representation that the appeal was filed on his behalf. Were we to conclude that the March 9 letter was a sufficient notice of appeal for Mr. Smith, we would encourage the very murkiness in zoning appeals that our Supreme Court sought to restrict in Mad River Valley Enterprises, Inc. v. Town of Warren Bd. of Adjustment, 146 Vt. 126, 128–29 (1985). We conclude that ignoring such direct Supreme Court precedent would be unwise.

The instances of "we" and "our" appear in the March 9 letter in the following context: "The intent of the subdivision may very well explain the reluctance to have our business move in to our other property, which we pay taxes on as well." The meaning of this sentence is less than clear to the Court, as it assumes knowledge not possessed by the Court regarding someone's "reluctance" and unspecified "other property." But the sentence cannot be read in Mr. Smith's favor as stating that "we are appealing" or "this is our letter of appeal."

There is no express statement in the March 9 letter of appeal that it is written on behalf of Dennis Smith or LMS Construction Co., Inc. The use of LMS Construction Co., Inc. letterhead and the fact that Ms. Charbonneau paid for the appeal with a LMS Construction Co., Inc. check provides no indication that the filing was made on behalf of Mr. Smith, personally.

Mr. Smith states that the March 9 letter of appeal meets all the requirements of 24 V.S.A. § 4466: it is in writing, mentions the name of Dennis Smith, includes the address of LMS Construction Co., Inc., identifies the property and permit appealed, and states the regulatory concerns and grounds for requested relief. Mr. Smith further states that he instructed Ms. Charbonneau to draft the March 9 letter of appeal, that he authorized her to use LMS stationary and pay for the appeal with an LMS check, and that Ms. Charbonneau would not have been

4

authorized to use LMS stationary if she had been filing the appeal on her own behalf.[3] Mr. Smith argues that, for all these reasons, the appeal of the Zoning Administrator's decision was his, and was filed by him.

Applicants argue that the March 9 letter of appeal was filed by Ms. Charbonneau, that the Planning Commission properly dismissed the appeal for lack of standing, and that as Mr. Smith is "a stranger to the proceeding" below, he should not now be allowed to step into Ms. Charbonneau's shoes and prosecute the appeal she filed. We agree.

"The timely filing of a notice of appeal is jurisdictional." In re Shantee Point, 174 Vt. 248, 259 (2002). The notice of appeal must provide clear notice of a specific appellant's intent to appeal. See Torres v. Oakland Scavenger Co., 108 S.Ct 2405, 2409 (1988) (stating that F.R.A.P. 3, which is substantially similar to V.R.A.P. 3, requires "some designation that gives fair notice of the specific individual or entity seeking to appeal" and concluding that the use of the phrase "et al." fails to provide such notice to potential opponents and to the court). Were we to hold that the notice of appeal filed by Ms. Charbonneau is the "functional equivalent" of an appeal filed by Mr. Smith, it would encourage appellants to "file" an appeal under another person's name, thereby reaping the potential benefits of the appeal while avoiding the potential costs of "being bound by an adverse judgment or held liable for costs or sanctions." Id. The would-be appellant must clearly indicate his intent to appeal; failure to do so constitutes a failure to provide this Court with the jurisdictional authority to hear the appeal.

Since the March 9 letter of appeal does not clearly indicate Mr. Smith's intent to appeal, but does clearly indicate Ms. Charbonneau's intent to appeal, we hold that Ms. Charbonneau filed the appeal from the Zoning Administrator's decision and Mr. Smith did not. Absent a further evidentiary showing, we must also conclude that Mr. Smith did not participate in the proceedings before the Planning Commission, and therefore has failed to show that he has the ability to file an appeal of the Commission's decision with this Court. 10 V.S.A. § 8504(b)(1). We need not determine whether the Planning Commission properly denied Ms. Charbonneau's appeal, as she did not appeal that denial to this Court, and the time for such an appeal has now passed. Mr. Smith's purported appeal of the Planning Commission's denial must be dismissed,

---

[3] Mr. Smith further asserts that at least one of the instances of the word "I" in the March 9 letter of appeal is a reference to himself in the first-person, Mem. in Opp'n to Mot. to Dismiss at 6. That assertion is unsupported by the language of the letter, which as discussed above, uses the words "I," "me," and "my" repeatedly in the context of first-person statements by Ms. Charbonneau, and refers to "Dennis Smith" only in the third person.

as there is no evidence that Mr. Smith appeared or participated in the proceeding before the Planning Commission.

In accordance with the foregoing, Applicants' Motion to Dismiss the appeal is hereby **GRANTED**; Mr. Smith's appeal to this Court is **DISMISSED**, due to Mr. Smith's failure to fulfill the participation requirement of 10 V.S.A. § 8504(b)(1).

This Decision concludes the pending appeal. A Rule 58 Judgment Order accompanies this Decision.

Done at Berlin, Vermont this 9th day of January, 2007.

_____

Thomas S. Durkin, Environmental Judge