# STATE OF VERMONT

# ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| **In Re: Keystone Development Corp.** } | } } } | **Docket No. 62-3-07 Vtec** |
| **(NOV Appeal)** } | } | |

## <u>Decision on Intervention Request</u>

This appeal was brought by Keystone Development Corporation (Keystone), which seeks to have overturned two notices of alleged violations of the City of Burlington (City) Zoning Ordinance. In a letter dated August 11, 2006, the City of Burlington Zoning Administrator (Administrator) gave notice of his determination that work on Keystone's Star Farm Road property, although purported by Keystone to merely be ditch maintenance work, constituted development activities that may not be conducted without first obtaining a zoning permit. In a second letter, dated August 21, 2006, the Administrator gave notice that Keystone's planned or previously conducted[1] tree harvesting activities also required a permit. When the City of Burlington Development Review Board (DRB) upheld the two notices of violation (NOV), Keystone appealed to this Court; its appeal was filed on March 21, 2007.

No cross appeals have been filed in this proceeding. On April 23, 2007, Sunset Cliff Homeowners Association (Sunset Assoc.) and Strathmore Homeowners Association (Strathmore Assoc.) filed a motion to intervene as parties in this proceeding. Keystone opposes this intervention request. For the reasons more fully stated below, we conclude that intervention by these specific entities is not permitted under the applicable procedural Rules and statutes.

For the sole purpose of considering the pending motion, we recite the following material facts. While it appears from the record now before us in this recently filed case that the following material facts are not disputed, we caution that our recitation here should not be read as factual findings that could preclude the introduction of contrary facts at trial. See <u>Fritzeen v. Trudell Consulting Engineers, Inc.</u>, 170 Vt. 632 (2000)(mem.).[2]

---

[1] It is unclear from the current filings whether the Administrator's August 21, 2006 letter was prompted by Keystone's prior tree cutting or merely by Keystone giving notice of its intention to do so.

[2] While <u>Fritzeen</u> speaks specifically to a motion for summary judgment, the caution against making pre-trial findings of fact seems wise to follow when considering most all pre-trial motions.

## Background

The dispute surrounding activities on Keystone's Star Farm Road property has a lengthy history before this Court, the Burlington DRB, the former Water Resources Board, the Washington Superior Court, the Vermont Supreme Court, and the Chittenden Superior Court. See Sunset Cliff Homeowners Assoc., Inc. v. City of Burlington, et al, Docket No. 198-8-06 Vtec (Vt. Envtl. Ct., Dec. 4, 2006), slip op. at 2.[3] This NOV appeal appears to be the most recently filed litigation concerning the Keystone property.

The Sunset Assoc. is composed of nineteen homeowners in a pre-existing residential development that abuts Keystone's property. The Strathmore Assoc. consists of 192 homeowners in a pre-existing residential development within the immediate neighborhood of the Keystone property. It has not been alleged that either Association holds title to real property.

Both Associations have retained the same law firm to represent its respective members' interests in matters relating to activities on the Keystone property.[4] Through their counsel, both Associations participated in the DRB proceedings on Keystone's NOV appeal. There has been no evidence presented that the members of either Association individually signed a petition and submitted it to the DRB, as contemplated by 24 V.S.A. § 4465(b)(4).

## Discussion

The Sunset Cliff and Strathmore Associations have fulfilled the initial requirement under our procedural rules for a party who wishes to enter their appearance and participate in a proceeding more than twenty days after the appeal has been filed. See V.R.E.C.P. 5(c). But satisfaction of the initial requirement under Rule 5(c) doesn't end our analysis; we must next determine if either Association has sufficient standing to be considered a party entitled to participate in this proceeding.

One of the six prerequisites of 10 V.S.A. § 8504(n) must be satisfied for "a person"[5] to intervene in an Environmental Court proceeding. While the Associations' attorney submitted a memorandum in the DRB proceeding below, we cannot determine from the record before us that either Association retained party status in the DRB proceeding. Thus, § 8504(n)(1) cannot provide support for either Association's intervention request. Similarly, subsections (2), (3) and

---

[3] Now on appeal before the Vermont Supreme Court.

[4] The law firm of Gravel & Shea represents both Associations in this appeal. The City is represented by Kimberlee J. Sturtevant, Esq.; Appellant Keystone is represented by John L. Franco, Esq.

[5] The term "person" is defined in 10 V.S.A. § 8502(6) and includes associations.

(4) do not appear to offer support for either Association's intervention request. We therefore turn our analysis to the remaining subsections of § 8504(n).

One who qualifies as an "interested person", as that term is defined in 24 V.S.A. § 4465, is entitled to intervene in municipal appeals to this Court. 10 V.S.A. § 8504(n)(5). The Associations refer to 24 V.S.A. § 4465(b)(3) and (4), but neither of those subsections, nor the remainder of § 4465, appear to offer support for the Associations' intervention request. Subsection (3) speaks to entities "owning or occupying property in the immediate neighborhood", but neither Association has asserted that it is an owner or occupier of property. This conclusion seems awkward, since both Associations exist to serve homeowners in the neighborhood. But none of the individual members of either Association are presently seeking intervention. We cannot see how either Association satisfies the definitional requirements of § 4465(b)(3). See Town of Sandgate v. Colehammer, 156 Vt. 77, 83 (1990) (stating that defendant lacked standing to appeal because he "failed to show that he ha[d] any title at all" which would qualify defendant as an interested person under former § 4464(b)(1)); Mad River Valley Enterprises, Inc. v. Town of Warren Bd. of Adj., 146 Vt. 126, 128–29 (1985) (concluding that Mad River Valley Enterprises, Inc., "was not a person owning title to property and consequently could not have had standing to pursue an appeal" as an interested person under former § 4464(b), despite the corporation's common goal or shared interest with the record title holder).

There has been no assertion that either Association sought to have its members individually sign and file a petition with the DRB in satisfaction of the definitional requirements of § 4465(b)(4). The Associations offer that their attorney's memorandum to the DRB constitutes such a petition, but it is lacking either the individual signatures contemplated by § 4465(b)(4), or even an identification of the individual members. There is also no indication that the attorney's memorandum to the DRB was intended at the time of submission to be a petition made under § 4465(b)(4). Thus, subsection (4) does not offer support for either Association's intervention request.[6]

---

[6]  On the date of this Decision, the Court received a "Notice of Filing Petitions in Support of Motion to Intervene," with attached copies of petitions submitted by individual members of both Associations to the DRB subsequent to the taking of the appeal to this Court. We do not understand these filings to be in conformance with the statute. We interpret 24 V.S.A. § 4465(b)(4) as requiring that the petitions must be filed with the appropriate municipal panel below while that panel has jurisdiction over the subject application. As the DRB no longer has jurisdiction over this matter, the belated petitions do not satisfy § 4465(b)(4).

3

The final possibility for support of the pending intervention request is found in 10 V.S.A. § 8504(n)(6) and V.R.C.P. 24. The Associations assert that intervention is supported by Rule 24, but no specific factual foundation for that assertion is offered. We have not been referred to the legal foundation for a right to intervene, and have not been shown how, within the limited context of this NOV appeal, the interests or arguments the Associations could present will not be adequately be presented by the City, which is already a party to this proceeding.

For all these reasons, we **DENY** the request by Sunset Cliff Homeowners Association and Strathmore Homeowners Association to intervene in this proceeding. The initial conference in this proceeding had been postponed until the consideration of the pending intervention request. The initial conference will now be scheduled by the Court Manager.

Done at Berlin, Vermont this 4th day of June, 2007.

_____
Thomas S. Durkin, Environmental Judge