In re Appeal of Nicholas & Barbara GULLI, et al.

[816 A.2d 485]

No. 02-037

November 4, 2002. In this zoning dispute, Nicholas A. Gulli and a group of Ludlow landowners ("Gulli group") appeal from the environmental court's grant of a motion to dismiss in favor of Okemo Mountain, Inc. ("Okemo"). The Gulli group argues that the court improperly granted Okemo's motion to dismiss the Gulli group's statement of questions, and therefore the appeal, by holding that the issues pertaining to the Town of Ludlow Development Review Board's August 8, 2000 decision approving Okemo's planned unit development and subdivision plat were not timely filed and thus beyond the scope of the appeal, and by incorrectly treating the Development Review Board's November 27, 2000 evaluation of Okemo's submitted "Final Parcel Map" as distinct from a "Final Subdivision Plat" requiring a public hearing pursuant to 24 V.S.A. § 4407(12) or § 4414. We affirm.

In November 1999, Okemo submitted a consolidated application to the Ludlow Development Review Board ("DRB") requesting site plan approval, subdivision approval, conditional use approval, and planned unit development ("PUD") approval of its Phase I Jackson Gore Project ("Project"). The Project is a mixed use recreational development involving expansion of Okemo's skiing and snowboarding facilities, and a PUD of 120 acres, including 117 condominium/hotel units, associated commercial facilities, parking and infrastructure. Following public hearings, the DRB issued a Notice of Decision on April 21, 2000, approving Okemo's application subject to certain conditions. On May 16, 2000, Okemo moved the DRB for reconsideration and alteration of its April 21 decision. A hearing was held before the DRB in July 2000 to consider Okemo's motion, and the DRB issued an amended decision on August 8, 2000. The DRB incorporated the amendments of the August 8 decision into the April 21 decision on October 5, 2000. The amended decision required

Okemo to submit to the DRB a "Final Parcel Map" ("Map") displaying the Project with the DRB's imposed conditions incorporated therein. Okemo submitted the Map in October 2000 and the Map received DRB approval on November 27, 2000.

Throughout the application process, several Ludlow residents exercised their statutory right to appeal from the decisions of the DRB to the environmental court. See 24 V.S.A. § 4471 (allowing appeals from development review board to environmental court). On May 19, 2000, Nicholas A. Gulli appealed from the April 21, 2000 DRB decision. On August 14, 2000, George Dunnett appealed from the August 8, 2000 DRB decision. On December 12, 2000, Gulli and a group of fifteen other Ludlow residents appealed from what they characterized as a decision of the DRB "rendered on or about November 27, 2000, granting *Subdivision Plan Approval* and modification of the zoning regulations" to Okemo. On December 22, 2000, Dunnett and a group of ten other Ludlow residents ("Dunnett group") appealed from what they characterized as "the November 27, 2000 decision" of the DRB granting approval of Okemo's application. These appeals were consolidated by the environmental court. In January 2001, the Gulli and Dunnett groups each submitted a statement of questions in connection with its appeal.

On March 22, 2001 the environmental court dismissed the individual appeals of Gulli and Dunnett for lack of standing pursuant to 24 V.S.A. § 4464(b)(3). However, the court found that the Gulli group and the Dunnett group had standing to appeal action taken by the DRB in November 2000 pursuant to 24 V.S.A. § 4464(b)(4), which allows "[a]ny ten persons owning real property within a municipality . . . [to] allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes or terms of the plan or bylaw of that municipality." *Id.*

The court excluded from the scope of these group appeals any challenges to the August 8, 2000 DRB decision because neither group filed an appeal within 30-days of the issued decision as mandated by 24 V.S.A. § 4471. On April 30, 2001, the court reaffirmed its decision to dismiss the individual appeals of Gulli and Dunnett and to limit the scope of the group appeals to the action taken by the DRB in November 2000.

On December 12, 2001, the environmental court granted Okemo's motion to dismiss all questions submitted in the Gulli group and Dunnett group appeals. The court found that the proposed questions for both appeals were beyond the scope of the November 2000 DRB decision. The court rejected the argument posited by the Gulli and Dunnett groups that the DRB could not approve Okemo's submitted Map without a public hearing. The court noted that the DRB had taken all required approval action in the August 2000 proceedings, but since it had imposed conditions on Okemo's Project, the DRB took the reasonable step to require Okemo to submit a "Final Parcel Map" containing the incorporated conditions. The court concluded that the DRB required Okemo to submit the Map only so that it could determine whether Okemo accurately rendered the DRB's decision, including the imposed conditions, into map display form. This submission, the court found, "did not reopen the already approved elements of [Okemo's] application on which the DRB had made elaborate and careful findings and for which it had imposed detailed requirements and conditions."

On December 18, 2001, the environmental court entered a final judgment order dismissing the Gulli group and Dunnett group appeals. On January 4, 2002, Nicholas Gulli, ostensibly acting as spokesperson for the sixteen-member Gulli group, filed a notice of appeal with the environmental court indicating a desire to appeal to this Court from the

environmental court's dismissal of the Gulli group's appeal. The Dunnett group did not appeal to this Court. In response to the notice of appeal, seven members of the Gulli group submitted written notification to the clerks of this Court and the environmental court indicating that they did not want to participate in the appeal to this Court. On January 28, 2002, Okemo filed a motion to dismiss the Gulli group appeal for lack of standing pursuant to 24 V.S.A. § 4464(b)(4). On February 11, 2002, this Court issued an entry order stating our intent to consider Okemo's motion with the merits of this appeal. While Okemo's motion to dismiss raises interesting questions of standing pursuant to § 4464(b)(4), we need not enter that procedural quagmire in the present case, but instead affirm this appeal on its merits.*

---

\* Appeals from the decisions of zoning boards to the environmental court are governed by statute. See 24 V.S.A. § 4471 (allowing an "interested person" to appeal to the environmental court). Standing for the review of all questions arising from the administration of zoning laws is governed by § 4464(b). *Garzo v. Stowe Bd. of Adjustment*, 144 Vt. 298, 302, 476 A.2d 125, 127 (1984). In this statutory section, the Legislature has restricted the legal relief available in zoning appeals by specifically defining who has standing to appeal. *Id.* Accordingly, we strictly adhere to these standing requirements. See *id.* (Court may not judicially expand class of persons entitled to review in zoning cases governed by § 4464(b)). If appellants do not fit within an enumerated provision of § 4464(b), they lack standing to contest a decision made by a zoning board. *Town of Sandgate v. Colehamer*, 156 Vt. 77, 82, 589 A.2d 1205, 1208 (1990); 24 V.S.A. § 4472(c). Moreover, we have recognized that the standing requirements of § 4464(b) are designed to limit the number of appeals. *Kalakowski*

Okemo moved for and the environmental court granted dismissal of the Gulli group's statement of questions as beyond the scope of its appeal, and accordingly, dismissed the appeal itself. The court's decision exhibits legal and factual determinations, as well as determinations of mixed questions of law and fact. We will not set aside the court's factual findings unless they are clearly erroneous. *Luneau v. Peerless Ins. Co.*, 170 Vt. 442, 444, 750 A.2d 1031, 1033 (2000). We view factual findings in a light most favorable to the prevailing party. *Mullin v. Phelps*, 162 Vt. 250, 260, 647 A.2d 714, 720 (1994). These findings stand if there is any reasonable and credible evidence to support them. *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 438, 736 A.2d 780, 783 (1999). Questions of law are reviewed de novo, allowing us to proceed with a nondeferential, on-the-record review. *State v. Pollander*, 167 Vt. 301, 304, 706 A.2d 1359, 1360 (1997).

The Gulli group asserts two arguments on appeal. First, the group contends that the environmental court improperly excluded from the scope of the appeal questions relating to the August 8, 2000

---

*v. John A. Russell Corp.*, 137 Vt. 219, 222, 401 A.2d 906, 909 (1979). Therefore, an appellant must fall squarely within the statutory requirements; closely related interests falling outside the definitive statutory language are insufficient to create standing. See *Mad River Valley Enters., Inc. v. Town of Warren Bd. of Adjustment*, 146 Vt. 126, 129, 499 A.2d 759, 761 (1985) (developer's shared interest with title-holder in the goal of development of land was insufficient to confer standing in superior court pursuant to § 4464(b)(1)); *Colehamer*, 156 Vt. at 82, 589 A.2d at 1208 (appellant did not have standing in superior court pursuant to § 4464(b)(1) despite making mortgage payments on land and holding title to personalty on affected land).

DRB decision. The Gulli group is incorrect. To perfect an appeal from the DRB, an appellant must file a notice of appeal with the clerk of the board or commission from which they have taken the appeal — here the DRB — within 30 days of the relevant DRB decision. See V.R.C.P. 76(e) (governing appeals from development review boards to environmental court); *George v. Timberlake Assocs.*, 169 Vt. 641, 739 A.2d 1207 (1999) (mem.) (finding that petitioners were within required thirty-day appeal period). Failure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal. *Mohr v. Village of Manchester*, 161 Vt. 562, 562, 641 A.2d 89, 90 (1993) (mem.) (citing *Harvey v. Town of Waitsfield*, 137 Vt. 80, 82, 401 A.2d 900, 901 (1979)).

The facts on the record establish that the Gulli group did not appeal from any decision of the DRB until December 13, 2000, a date well beyond the statutory deadline for appeal from the DRB's August 8 decision. In the absence of an appeal, all parties are bound by the DRB's decisions and "shall not thereafter contest, either directly or indirectly, such decision or act . . . in any proceeding." 24 V.S.A. § 4472(d); *Town of Charlotte v. Richmond*, 158 Vt. 354, 357, 609 A.2d 638, 639-40 (1992). Accordingly,. we find that, pursuant to § 4471 and V.R.C.P. 76(e), the Gulli group was entitled to appeal only from the DRB's November 2000 approval of Okemo's "Final Parcel Map." The environmental court did not have jurisdiction to consider previous determinations made by the DRB and appropriately limited the scope of the Gulli group appeal.

Having concluded that the Gulli group was entitled to appeal only from the November 2000 action of the DRB, we must determine whether the statement of questions submitted by the Gulli group and dismissed by the environmental court exceeded the limited scope of the group's appeal. See V.R.C.P. 76(e)(3)-(4)(B) (requiring appellant to file a statement of questions that appellant desires to have determined on either an appeal on the record or at a trial de novo). The DRB's November 27, 2000 action was limited to approval of Okemo's "Final Parcel Map." As the environmental court correctly held, the statement of questions submitted by the Gulli group on appeal must be limited to whether Okemo had accurately rendered the DRB's prior decisions into map form. Based on our review of the eleven questions submitted by the Gulli group on January 29, 2001, we find that these questions exceed the narrow scope of the group's limited appeal. Therefore, the environmental court did not have jurisdiction to consider the questions submitted by the Gulli group and properly granted Okemo's motion to dismiss. See *Vt. Div. of State Bldgs. v. Town of Castleton Bd. of Adjustment*, 138 Vt. 250, 255, 415 A.2d 188, 192 (1980) (observing that the superior court is without jurisdiction to hear an appeal when notice of that appeal is not timely filed with the clerk).

The second and final argument raised on appeal by the Gulli group is that the environmental court incorrectly interpreted the DRB's approval of Okemo's "Final Parcel Map" as something different from a "Final Subdivision Plat" requiring a public hearing pursuant to 24 V.S.A. § 4407(12) or § 4414. We find that the Gulli group's second issue on appeal is effectively an attack on the prior decisions of the DRB excluded from the scope of this appeal. The Gulli group has not challenged Okemo's incorporation of the imposed conditions, but instead challenges the DRB's decision to approve many facets of the Project. Again, the Gulli group failed to file a timely appeal from any DRB decision rendered before November 2000, and the environmental court, while taking the unnecessary step

of examining the DRB's April and August 2000 decisions, appropriately dismissed the appeal.

Specifically addressing the Gulli group's contention that Okemo's "Final Subdivision Map" is analogous to a "Final Subdivision Plat" requiring a public hearing before DRB approval, we find that the environmental court correctly interpreted the Map and its required submission as distinct from a final subdivision plat. The record on appeal establishes that the DRB made all required findings and took all necessary approval action relative to Okemo's application by August 8, 2000. In conjunction with this approval, the DRB imposed detailed requirements and conditions on Okemo's application. We agree with the environmental court's assessment that the Map Okemo submitted in October 2000 did not alter the scope of the Project already known to the public, but instead finalized Okemo's previously approved Project. Accordingly, submission of the Map did not reopen any of the already approved elements of the Project or the previous conduct of the DRB. Thus, the Gulli group's second argument fails.

*Affirmed.*