## STATE OF VERMONT
## ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| **In re: Pierce Woods PRD and** | } | **Docket No. 33-2-06 Vtec** |
| **Subdivision Application** | } | |
| **(Appeal of Schumacher)** | } | |
| | } | |

### Decision on Pending Motions

This appeal concerns a combined application for two subdivisions. The first subdivision involves 115 acres of land proposed to be divided into a 21-lot planned residential development (PRD), with an additional 22nd lot to be reserved as common land. The second subdivision proposes to divide the developer's adjoining land into two lots.

The Ferrisburgh Planning Commission granted final plat approval to the proposed subdivisions and PRD applications by its decision dated January 24, 2006. Abutting property owners Robert and Bonnie Schumacher appealed that decision, thereby giving rise to this appeal. They are represented by Carl H. Lisman, Esq. Ferrisburgh Realty Investors, LLC ("Developer"), is represented in this appeal by John W. O'Donnell, Esq. John and Irene Pierce are the owners of the subject property, but have not entered their appearance in this proceeding. The Town of Ferrisburgh (Town) is represented here by James F. Carroll, Esq. Jeffrey J. Vigne has entered his appearance as an Interested Person in this proceeding and represents himself.

Developer has filed two pre-trial motions. The first seeks to have the appeal dismissed on the basis that Appellants and Mr. Vigne do not meet the statutory definition for standing in this appeal. Developer's second motion seeks summary judgment on the substantive issues raised in Appellants' Statement of Questions. Appellants and Mr. Vigne have both filed oppositions to Developer's summary judgment request.[1] Mr. Vigne has also filed his own motion for summary judgment, asserting that the applicable ordinance provisions prohibit the development as proposed.

---

[1] In their Memorandum in opposition to Developer's summary judgment motion, Appellants request that the Court deny Developer's motion and request that "Appellants' motion [be] granted." We are confused by this reference, as we are not aware of any motion having been filed by Appellants.

## I.    Procedural Background.[2]

1.    Developer and the Pierces first submitted their applications on July 27, 2005.

2.    The Planning Commission granted sketch approval to the proposed subdivision and classified it as a major subdivision, as provided in § 220 of the Ferrisburgh Subdivision Regulations (Regulations) by decision dated August 17, 2005.[3]  No evidence has been submitted in this proceeding to show that an appeal was taken from this sketch plan determination.

3.    On November 16, 2005, and following several hearings and a site visit, the Planning Commission approved Developer's preliminary plat application pursuant to Regulations § 250, with conditions.  No evidence has been submitted in this proceeding to show that an appeal was taken from this preliminary plat determination.

4.    On November 30, 2005, Developer submitted its final plat and PRD applications for approval pursuant to Regulations § 260.  A hearing was conducted on December 21, 2005. The Planning Commission announced its approval of Developer's final plat and PRD application in its decision of January 24, 2006.  This final plat and PRD approval is the subject of this appeal.

## II.    Developer's Motion to Dismiss.

Both Mr. Vigne and Mr. Schumacher oppose Developer's motion to dismiss.  Mrs. Schumacher does not, as she admits that she did not "participate" in the proceedings below, as required of one who wishes to appeal a decision from an appropriate municipal panel.  See 24 V.S.A. § 4471(a).  In light of this forthright admission, we must dismiss Bonnie Schumacher as an appellant in this proceeding.

Both Messrs. Vigne and Schumacher have represented to the Court that they participated in the proceedings on Developer's application for final plat and PRD approval.  Each has provided specific recitations of how they participated, none of which Developer has refuted.

Section 4471(a) defines "participation" as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding."  Id.  Both gentlemen

---

[2]  All of the procedural facts recited here were gleaned from the Planning Commission decision of January 24, 2006. They are referenced here solely for purposes of our review of the pending motions.  Nothing contained in the parties' respective filings appears to contradict the procedural facts outlined here.

[3]  The Planning Commission decision noted that the application at this preliminary stage was deemed to be "incomplete."

provided unrefuted representations of their oral and written concerns that they communicated to the Planning Commission in the course of its review of the most recent application.

Only Mr. Schumacher presents himself to this Court as an appellant; Mr. Vigne presents himself as an interested person. As such, only Mr. Schumacher is allowed to frame the issues of this appeal in a Statement of Questions. V.R.E.C.P. 5(f). Mr. Vigne may only comment upon and offer evidence in regard to the issues properly raised by Mr. Schumacher in this appeal. Id.

But each party must first fit the statutory definition of "interested person" in order to have standing in this proceeding. 24 V.S.A. § 4465(b). Participation in the proceeding below is not enough to satisfy this statutory definition. However, since it is unrefuted that Messrs. Vigne and Schumacher each own and occupy land adjacent to the parcels proposed to be subdivided and have expressed concerns about impacts from the proposed development, we conclude that each meets the statutory definition of "interested person." 24 V.S.A. § 4465(b)(3). Developer's motion to dismiss Messrs. Vigne and Schumacher must therefore be denied, as both have fulfilled their burden of evidencing that they have met the statutory definition for interested person status.

### III. Developer's Motion for Summary Judgment.

Developer suggests in its motion that all the facts material to all the issues raised in Appellant's Statement of Questions are undisputed. Such is the first prerequisite to a court granting a motion for summary judgment. V.R.C.P. 56(c)(3); see also Gettis v. Green Mountain Economic Development Corp., 2005 Vt. 117 ¶ 19. Appellant and Mr. Vigne dispute this claim; they have filed their own statements of material facts and have refuted some of the material facts that Developer has represented as undisputed.

A review of the various representations of material facts leads us to the conclusion that facts material to the resolution of the issues preserved in this appeal are in dispute, thus requiring a court trial to resolve the disputed facts. The filings show that the disputes at issue include (but may not be limited to) lot layouts, location within various zoning districts, density, street layouts, and the components of the project that conform to the municipal plan, (a document that has not yet been presented to the Court). We conclude that a court trial is the most appropriate vehicle for determining what facts are material to the resolution of this appeal. Therefore, Developer's motion for summary judgment should not be granted at this time.

## IV. Vigne's Motion for Summary Judgment.

Mr. Vigne asserts that a separate legal issue requires us to enter judgment in a summary fashion against Developer's project. The substance of his motion is that § 5.21 of the Ferrisburgh Zoning Bylaws (Bylaws), relating to the application for, review, and approval of PRDs, specifically requires the following:

> Each dwelling unit shall have a minimum two acre lot exclusively associated with it and must comply with the specific standards set forth in [the Rural Residential and Rural Agricultural Zoning Districts standards], excluding the lot depth requirements.

Bylaws § 5.21(D)(4).

Developer opposes Mr. Vigne's motion, citing several bases for the Court to consider the motion as untimely or improper. Those bases are no longer applicable, now that the Court has ruled that Mr. Vigne qualifies as an interested person under 24 V.S.A. § 4465(b)(3).

Due to the explicit language of Bylaws § 5.21(D)(4) (i.e.: the requirement that a "two acre lot [be] <u>exclusively associated</u> with" each lot (emphasis added)), Developer's proposal could be barred, but we cannot so conclude from the record currently before us. No site map that has been presented identifies the lot sizes. We also do not have before us the prior sketch plan and preliminary plat approvals issued by the Planning Commission.

We note that if the lots were similarly designed at the sketch plan and preliminary plat stages, and if the Planning Commission made specific determinations in those proceedings that the design conformed with the Bylaws, we cannot determine from the record before us now whether the failure of Mr. Vigne or others to appeal those prior decisions bars the raising of the issue here. See 24 V.S.A. § 4472(d). We have previously held that while subdivision and PRD review can complicate the application of the exclusivity of remedy rule of § 4472(d), it does apply to preliminary determinations. <u>In re Simpson Development Corporation</u>, Docket No. 54-3-05 Vtec at 3–4, 13–14 (Vt. Envtl. Ct., June 27, 2006). See also see <u>In re Appeal of Gulli</u>, 174 Vt. 580 (2002) (affirming the dismissal of an appeal from a final subdivision determination. The Court noted that the failure of appellants to file a proper appeal from a prior DRB decision approving a subdivision and PUD application "deprives the environmental court of jurisdiction" to hear challenges to the subdivision and PUD approval in a later appeal of the final approval.) <u>Id</u>. at 581, 583.

Accordingly, we conclude that Developer's motion to dismiss as it relates to Bonnie Schumacher is **GRANTED**, but is **DENIED** as to Robert Schumacher and Jeffrey J. Vigne. Developer's and Mr. Vigne's motions for summary judgment are each **DENIED** for the reasons more particularly stated above.

This matter will now be set for trial. The Court had previously discussed with the parties the possibility of setting this matter for trial on July 20, 2006. Unless a party advises the Court by July 17, 2006 of an unavoidable conflict for that trial date, the matter will be set for trial on July 20, 2006, beginning with a site visit at 8:30 AM.

Done at Berlin, Vermont this 11th day of July, 2006.

_____

Thomas S. Durkin, Environmental Judge