STATE OF VERMONT
ENVIRONMENTAL COURT

| | } | |
|---|---|---|
| **Deer Brook Buffer Reduction** | } | **Docket No. 231-9-06 Vtec** |
| **(Appeal of Georgia Conservation Comm.)** | } | |
| | } | |

## Decision on Pending Motions

The Conservation Commission of the Town of Georgia, Vermont ("Conservation Commission") appealed from the Decision of the Planning Commission of the Town of Georgia ("Planning Commission") dated August 25, 2006, approving Appellee-Applicants James and Janet Harrisson's ("Applicants") application to amend a seven-lot subdivision by reducing the riparian buffer along Deer Brook on Lot 1 from 200′ to 100′. Appellee-Applicants are represented by Mary E. Casey, Esq.; the Town of Georgia ("Town") entered an appearance as an Interested Person and is represented by the law firm of Stitzel, Page & Fletcher, P.C.;[*] the Conservation Commission represents itself through its Chair, Kenneth Minck. Now pending are Appellee-Applicants' Motion to Dismiss the appeal for lack of standing, in which the Town joins, and the Conservation Commission's Motion to Amend the Notice of Appeal and Motion for Remand.

## Findings of Fact

The following material facts are undisputed unless otherwise noted.

1. Appellee-Applicants own a parcel of land located northerly of Vermont Route 104A in the Town's Commercial/Light Industrial ("I-2") zoning district.

2. On December 21, 1999, the parcel was subdivided into seven lots. Lot 7, which encompasses the Deer Brook outlet into Arrowhead Mountain Lake, was deeded to the Town as a recreational area at that time. Also at that time, Lots 1–6 were approved for commercial use.

3. Lots 1–6 are currently used for Appellee-Applicants' sand extraction business.

4. Deer Brook is listed on the federally mandated schedule of "impaired waters," known as the 303(d) list, 33 U.S.C. § 1313(d). Appellee-Applicants' sand pit appears on the list as one of the surface water quality problems affecting Deer Brook.

---

[*] Will S. Baker, Esq. of this firm entered the initial appearance for the Town. However, Mr. Baker has since left that firm to accept employment with the Vermont Department of Taxes. We understand that either Joseph S. McLean, Esq. or Amanda S.E. Lafferty, Esq. of that same firm has assumed the responsibility of representing the Town in this appeal.

5.     On January 25, 2000, the District Environmental Commission #6 issued Land Use Permit #6FO489-2 to Appellee-Applicants, authorizing the seven-lot subdivision with conditions.

6.     The Deer Brook outlet  into Arrowhead Mountain Lake, a Class 2 wetland associated with Deer Brook, and Arrowhead Mountain Lake all are located to the east of Appellee-Applicants' subdivided parcel.

7.     The Town's zoning regulations, effective September 12, 2005, state at § 5100 that "there will be a 'no development' buffer of two hundred (200) feet along Deer Brook and Arrowhead mountain Lake in the I-1, I-2 and B-1 zoning districts measured from the edge of the brook and from the high water mark of the lake. . . . the Planning Commission may approve a reduction or require an increase of the buffer setback where site evaluations have been conducted and support a reduction or increase of the setback."  (Emphasis indicating defined terms removed).

8.     The Planning Commission held public hearings on the amendment application on July 25, 2006 and August 8, 2006.  A site visit was held on August 8, 2006, prior to the hearing.

9.     On August 25, 2006, the Planning Commission approved Applicants' application to amend the previously approved 7-lot subdivision by reducing the riparian buffer from 200′ to 100′ on Lot 1.

10.     On September 22, 2006, the Conservation Commission appealed the Planning Commission approval to this Court through a Notice of Appeal signed by its Chair, Kenneth Minck.  The Notice of Appeal cited "24 V.S.A. § 4505 [sic], 24 V.S.A. § 4464(b)(6)" as the statutory provisions applicable to the appeal, and stated in  support of party status that a letter dated July 18, 2006 was submitted to the Planning Commission.

### Discussion

Applicants' motion to dismiss presents a preliminary jurisdictional question governed by the applicable statutes.  In order to initiate an appeal with this Court, the Georgia Conservation Commission must be "an interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding" below.  10 V.S.A. § 8504(b)(1).

Our objective in construing a statute is to effectuate the Legislature's intent, and in doing so, we look first to the statute's language.  In Act No.115, effective July 1, 2004, the Legislature substantially amended the Municipal and Regional Planning and Development Act, Chapter 117

of Title 24. Among the changes made to Chapter 117 was the addition of the requirement that an interested person participate in the appealed-from regulatory proceeding, 24 V.S.A. § 4471(a); see also the amendment of the definition of the term "interested person," formerly codified at § 4464(b) and now codified at § 4465(b). The definition of "interested person" in former § 4464(b) included "[t]he municipal conservation commission if there be one," § 4464(b)(6) (2003). In the current statute, the definition of "interested person" no longer includes municipal conservation commissions. See § 4465(b) (2004).

This legislative history makes it clear that the Legislature intended in 2004 to restrict the class of persons who may appeal from a decision of an appropriate municipal panel; it also makes clear that the class of interested persons no longer includes municipal conservation commissions, as evidenced by the Legislature's removal of conservation commissions from the list of interested persons now codified at § 4465(b). Because the Georgia Conservation Commission does not qualify as an interested person, it may not file a valid appeal with this Court from any decision in a proceeding authorized by Title 24, including the August 25, 2006 Planning Commission Decision in this case.

As the Notice of Appeal in this case was not filed by a qualified appellant, this Court lacks jurisdiction to hear the pending appeal. In re Gulli, 174 Vt. 580, 583 (2002). Applicants' motion to dismiss must therefore be granted. Further, because of the failure of a proper appellant to timely file an appeal from the Planning Commission Decision, this Court never received jurisdiction over the approved amendment application. See Appeal of Osherenko, et al., Docket No. 79-5-04 Vtec (Vt. Envtl. Ct., June 22, 2005), at 2 ("if no timely Notice of Appeal was filed, or if one was filed by persons not qualified to file an appeal under 24 V.S.A. § 4464(b), then the Court has no jurisdiction to hear the case, nor to consider motions to amend, because it has not acquired jurisdiction of the appeal") (citing In re: Appeal of Emanuel, et al., Docket No. 24-1-00 Vtec (Vt. Envtl. Ct., March 21, 2000)). Thus, the Conservation Commission's motions to remand the amendment application or amend the Notice of Appeal must be dismissed as moot.

Even if we were to entertain the Conservation Commission's motion to amend the Notice of Appeal, seeking to substitute "a combination of Georgia Conservation Commission members and abutters" as appellants in place of the Conservation Commission, we would have to deny it, as none of the listed persons meet the statutory requirement of being "an interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding" below. 10 V.S.A. § 8504(b)(1).

-3-

We decline to adopt the Conservation Commission's argument that the Town's ownership of abutting land causes all real property owners within the Town to fall within the definition in 24 V.S.A. § 4465(b)(3) ("person owning or occupying property in the immediate neighborhood . . . who can demonstrate a physical or environmental impact on the person's interest").   Furthermore, the persons listed in the petition attached to the Conservation Commission's motion to amend the Notice of Appeal cannot qualify as a group of "ten persons . . . who, by signed petition to the appropriate municipal panel . . . allege that any relief requested by a person under this title, if granted, will not be in accord with the policies purposes, or terms of the plan or bylaw of that municipality" because the petition was not submitted to the Planning Commission below, as required by § 4465(b)(3).  Finally, there has been no evidence presented that any of the listed persons participated in the appealed-from regulatory proceeding below, as required by § 4471(a).  Without such a showing, those individuals also fail to qualify as parties entitled to appeal.

The Court shares the Conservation Commission's concerns about the reduction of a buffer designed to mitigate impacts upon an impaired stream.  We note that the subject property is burdened by an Act 250 Land Use Permit and conditions therein. The approved reduction of the riparian buffer may require, or may result in activities that require, an amendment to that Land Use Permit.  We do not make any ruling on that issue here, however, as that application is not properly before us.  We regret that the Court will not be able to address the substantive issues raised in this appeal.  But even the importance of those substantive issues cannot allow us to ignore the jurisdictional limits of this Court.

Accordingly, for the foregoing reasons, we hereby **GRANT** Applicants' Motion to Dismiss, and **DENY** as moot the Conservation Commission's Motions to Remand and to Amend the Notice of Appeal.

A Judgment Order accompanies this Decision.  This concludes the pending appeal.

Done at Berlin, Vermont this 10th day of April, 2007.

_____
Thomas S. Durkin, Environmental Judge