## STATE OF VERMONT
## ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| **Fitzpatrick Excavating Trucking, Inc. NOV** | } | **Docket No. 16-1-07 Vtec** |
|  | } |  |
|  | } |  |

### Decision and Judgment Order

Appellants Willard Fitzpatrick, Priscilla Fitzpatrick, and Fitzpatrick Excavating Trucking, Inc. ("Appellants") filed a Notice of Appeal with this Court on January 16, 2007, from the Decision of the Town of Wardsboro Zoning Board of Adjustment ("ZBA") dated December 6, 2006, denying Appellants Willard & Priscilla Fitzpatrick's appeal from a decision of the Town's Zoning Administrative Officer. Appellants are represented by Robert M. Fisher, Esq.; the Town is represented by Amanda Lafferty, Esq.; and Interested Persons Mark Hall and Sharon Hall are represented by Lawrin P. Crispe, Esq. Now pending before the Court is the Halls' Motion for Summary Judgment, seeking dismissal of the appeal on the ground that Appellants failed to file a timely notice of appeal.

The timely filing of a notice of appeal is the very trigger of our jurisdictional authority to consider the appeal, In re Shantee Point, 174 Vt. 248, 259 (2002). Our procedural Rules provide that an "appeal [to the Environmental Court] shall be taken by filing with the clerk of the Environmental Court . . . a notice of appeal . . . within 30 days of the date of the act, decision, or jurisdictional opinion appealed from unless the court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure." V.R.E.C.P. 5(b)(1) (emphasis added).

No extension of the time for filing the notice of appeal was given by the Court in this case.[1] As it is uncontested that the date of the appealed-from ZBA decision was December 6,

---

[1] Appellants' representation that a member of the Court staff informed Mr. Fitzpatrick on January 12, 2007, that the notice of appeal could be hand-delivered on the next business day—Tuesday, January 16, 2007—is contrary to the established business practices of this Court. Specifically, the Court staff inform those who call that it is their responsibility to make sure that their appeal is filed on a timely basis. But that is beside the point, since Court staff do not have the authority to waive jurisdictional requirements.

Particularly since the establishment of its expanded jurisdiction and resources on January 31, 2005, this Court has established business practices to accommodate its users, particularly pro se litigants. A party inquiring about an extension of time is always advised of the necessary filing requirements. The Court staff work to assist those contacting the Court, but are vigilantly respectful of their lack of authority to grant such extensions of time.

2006, the last day on which a notice of appeal of that decision could have been filed was Friday, January 5, 2007.[2]

The time for filing a notice of appeal runs from the date of the decision, not the date on which a would-be appellant received a copy of the decision.[3] Any delay in retrieving a certified mailing notice cannot act as an automatic extension of the time in which a proper appeal may be taken. Without evidence of a municipal panel's deliberate attempt to cut off appeal rights by withholding the notice of its land use decision, we know of no grounds to allow an untimely appeal to go forward in this Court.

It is uncontested that the ZBA mailed its Notice of Decision by certified mail on December 13, 2006, and that the Wardsboro Post Office gave Appellants notice of the certified mail on December 14, 2006. It is also uncontested that Appellants did not retrieve this certified mailing until January 3, 2007. None of these uncontested facts, however, changes the date on which the appeal period began to run: December 6, 2006. Appellants' failure to file a notice of appeal within 30 days of December 6, 2006 deprives this Court of jurisdiction over the appeal. See In re Gulli, 174 Vt. 580, 583 (2002) ("Failure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal.").

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Interested Persons' Motion for Summary Judgment is **GRANTED**. The Notice of Appeal in this case was filed out of time, thus depriving the Court of jurisdiction over the appeal. This appeal must therefore be **DISMISSED**, with prejudice. Given the brevity of this Decision and Order, we conclude that a separate Judgment Order need not be issued in this case. See V.R.C.P. 58.

Done at Berlin, Vermont this 30th day of May, 2007.

_____
Thomas S. Durkin, Environmental Judge

---

[2] Appellants suggest that the DRB did not issue its Decision until December 13, 2006. Even using this timeline, the thirty-day appeal period would have expired on January 12, 2007. Appellants acknowledge that notice of the December 6, 2006 DRB Decision was left for them on December 14, 2006 (see Appellants' Exhibit B), but that they did not retrieve this item of certified mail until January 3, 2007 (see Appellants' Exhibit C). Appellants' offer of uncontested facts therefore reveals that they retrieved notice of the December 6, 2006 DRB Decision on January 3rd, which was nine days prior to the expiration of the thirty-day appeal period. Appellants also concede that they did not file a request for an extension of time in which to file their appeal, but did file their appeal on January 16, 2007.

[3] See, e.g., the Vermont Supreme Court's unpublished Entry Order in In re Appeal of LeBlanc, Docket No. 2005-179 (2005), available at http://www.vermontjudiciary.org/upeo/eo05-179.EC.htm.