# STATE OF VERMONT

# ENVIRONMENTAL COURT

| | | |
|---|---|---|
| | } | |
| **In re: Bradford Oil Company** | } | **Docket No. 43-3-08 Vtec** |
| **PCF Reimbursement Claim** | } | |
| | } | |

## Decision on Motion to Dismiss

This matter arises out of an appeal filed by Appellant Bradford Oil Company of an administrative determination by the Agency of Natural Resources ("ANR"), imposing a second Petroleum Cleanup Fund deductible of $10,000[1] for an alleged release of MTBE from underground storage tanks in the Town of Brownington. Appellant Bradford Oil Company ("Bradford Oil") is represented by W. Scott Fewell, Esq., and David R. Rugh, Esq.; ANR is represented by Aaron Adler, Esq. The Town of Brownington has not entered an appearance; neither has the Natural Resources Board, although the Board has requested that the Court and the parties keep it advised of the status of this appeal.

Now pending before the Court is a narrow issue: whether Appellant's appeal of ANR's administrative determination imposing the second deductible was timely filed. ANR moved to dismiss, on the assertion that the appeal was not filed within the statutory period; Appellant opposed ANR's motion to dismiss.

The undisputed facts that are material to the pending motion are listed below.

## Factual Background

1. The basis of Appellant's appeal is ANR's imposition of a second[2] $10,000 deductible from the Petroleum Cleanup Fund ("PCF") for an alleged second release of MTBE from the underground petroleum storage tanks at Appellant Bradford Oil's Evansville Trading Post, which is a gasoline station and convenience store in the Town of Brownington.

2. By letter dated April 9, 2007, ANR's Director of the Waste Management Division ("Director") informed Appellant of ANR's determination that the current MTBE contamination

---

[1] The Petroleum Cleanup Fund is a statutorily-authorized program that reimburses some of the expenses incurred in the cleanup and mitigation of petroleum spills. 10 V.S.A. § 1941. For purposes of this proceeding, the only provision of the PCF enabling statute at issue here provides for claimants to pay the initial $10,000.00 in cleanup costs. 10 V.S.A. § 1941(b)(1)(A). This initial expense is often referred to as the $10,000.00 PCF deductible.

[2] Prior to the pending matter, Appellant was assessed the first $10,000 deductible from the PCF for a prior release. Appellant did not appeal that first ANR determination.

was the result of a second release on the site, which the Director cited as the basis for its assessment of a second PCF deductible. The end of the letter contained a paragraph entitled "Notice of Appeal Rights", which informed Appellant of the right to appeal his decision on reimbursement in writing within 30 days from the date of the letter. Further, the "Notice of Appeal Rights" informed Appellant that the Secretary of ANR ("Secretary") would make a final determination regarding their PCF reimbursement request and that an appeal of that decision would need to be made to the Environmental Court within 30 days of the Secretary's decision.

3.      In response—and prior to retaining legal representation—Appellant sent a letter dated May 1, 2007 to the Director to "serve[] as an appeal" of the Director's prior determination. Appellant's letter plainly states disagreement with the assessed second deductible; includes additional information regarding testing of Appellant's underground storage tanks; and provides an alternative explanation for the presence of MTBE in an effort to refute the Director's determination that a second release occurred.

4.      Nearly seven months later, on November 19, 2007, the Director[3] responded to Appellant's May 1st letter. The Director concluded that Appellant's alternative explanation for the presence of MTBE was not compelling and that the presence of MTBE is indicative of a vapor release from the site. Thus, the Director restated his prior assessment of the second $10,000 deductible. Further, the last paragraph of the Director's November 19th letter, entitled "Notice of Appeal Rights", informed Appellant of the right to appeal the "Secretary's" decision to the Environmental Court within 30 days.

5.      On December 10, 2007, Appellant—again prior to retaining legal representation—sent another letter to the Director to "serve[] as an appeal" from the November 19th final determination that a second $10,000 PCF deductible was proper. In addition to containing several instances characterizing the letter as an appeal, Appellant lays out factual objections to ANR's determination that a second MTBE release occurred. Appellant mailed this letter to the Director, but did not send it to the Environmental Court.

6.      Two months later, on February 11, 2008, the Director responded to Appellant's December 10th letter. In this letter, the Director provided an address for the Environmental Court

---

[3]  It appears from the record before us that the ANR Secretary never made a "final determination" on Appellant's May 1, 2007 appeal from the Director's determination, despite the procedural representations made in the Director's April 9, 2007 letter. Rather, it appears that the Director was the only ANR official that responded to Appellant's initial appeal.

and advised Appellant that appeals of ANR decisions must be sent to the Court. The letter also states that "[t]his appeal was to be made within 30 days of the date of the Secretary's[4] act or decision. Failure to appeal in a timely manner may have resulted in the dismissal of the appeal."

7. In response, by letter dated February 18, 2007, Appellant forwarded a copy of its December 10th appeal letter to the Environmental Court with a request that the Court consider its merits.

8. On March 24, 2008, the Environmental Court received a letter from ANR which included, as attachments, the aforementioned correspondence with Appellant. ANR asserted that "this appeal was not timely filed and should be dismissed" pursuant to 10 V.S.A. § 8504(a).

9. On March 31, 2008, Appellant—now with counsel—filed a statement of questions with this Court which generally addresses the propriety of ANR's assessment of the second $10,000 PCF deductible.

### Discussion

Now pending before the Court is the narrow issue of whether Appellant filed a timely appeal. The Court received legal memoranda from both parties on this issue, which is now ripe for the Court's review.[5]

An appeal to the Environmental Court from a decision of the Secretary of ANR is governed by, among other sections, 10 VSA § 8504. Section 8504(a) provides that "[w]ithin 30 days of the date of the . . . decision, any person aggrieved by a . . . decision of the secretary . . . may appeal to the environmental court." Here, the ANR Waste Management Division Director made several decisions regarding the second $10,000 PCF deductible determination: the April 9th letter informed Appellant of ANR's determination that the current MTBE contamination was the result of a second release on the site and therefore assessed a second PCF deductible of $10,000; and the November 19th letter of final determination affirmed the assessment of the second PCF deductible. Because the April 9th letter contained an appeal provision allowing for a subsequent determination on reimbursement by ANR, we will treat the November 19th letter as the final determination for purposes of the accrual date for the appeal period.

---

[4] As noted above at footnote 3, the record before us provides no evidence that the ANR Secretary rendered a final determination.

[5] While a motion, supported by a legal memorandum, is the more appropriate form by which a party may seek a dismissal order—see V.R.C.P. 7(b)(1)—we decline to deny ANR's motion on those grounds.

In response to ANR's November 19th final determination, Appellant sent a letter to ANR to "serve[] as an appeal" and laid out factual objections to ANR's determination that a second MTBE release occurred. Appellant mailed this letter to ANR, but did not send a copy to the Environmental Court. Appellant first notified the Environmental Court of the appeal well after the thirty day appeal period.[6]

We first note that when an appellant fails to file their appeal on a timely basis, we are jurisdictionally barred from entertaining their appeal, regardless of its merits. In re Stagecoach Road Overhead Power Line Extension, Docket No. 235-10-07 Vtec, Decision on Motion at 4 (Vt. Envtl. Ct. Feb. 29, 2008), citing In re: Gulli, 174 Vt. 580, 583 (2002). Thus, we focus our first analysis on whether Appellant's filing of an appeal letter with ANR can be regarded as a timely appeal filing. For reasons detailed below, we conclude that it must be regarded as a timely filing.

The fact that Appellant mistakenly filed the appeal letter with ANR does not mark the end of our analysis. Entities such as this Court and ANR are well versed in the procedural requirements for filing an appeal; parties who do not regularly participate in Environmental Court proceedings often are not. Thus, our procedural Rules afford some protection to those entities who file an appeal on time, but with the wrong office. V.R.E.C.P. 5(b)(1) provides that if a notice of appeal is mistakenly filed with the tribunal appealed from "the appropriate officer . . . shall note thereon the date on which it was received and shall promptly transfer it to the clerk of the Environmental Court, and it shall be deemed filed with the Environmental Court on the date so noted." ANR failed to follow the procedure mandated by Rule 5(b)(1), in response to Appellant's mistaken filing.

It is not disputed that Appellant's December 10th letter was timely, and is not disputed that it was filed with the tribunal appealed from: ANR. Appellant expressly stated in its December 10th letter that Appellant was giving notice of its appeal from ANR's November 19th final determination. Appellant also expressly references the appeal status in the subject line of the letter. Rather than noting the date and promptly transferring the notice of appeal to the Environmental Court, as directed by V.R.E.C.P. 5(b)(1), ANR waited two months and then sent

---

[6] The Court received Appellant's letter of appeal on March 11, 2008, which was some 83 days after the appeal period had expired.

a reply letter to Appellant with the address of the Environmental Court, noting that the appeal was not timely filed.

Thus, ANR failed to follow the clear directives of V.R.E.C.P. 5(b)(1). Because Appellant mistakenly filed the notice of appeal letter with ANR on December 10th –which is within 30 days of November 19th—ANR should have date-stamped and promptly transferred Appellant's appeal letter to the Environmental Court, where it would have been deemed filed at the time of the date-stamp. V.R.E.C.P. 5(b)(1).

ANR also asserts that Appellant's December 10th letter does not constitute a notice of appeal—notwithstanding the fact that the first sentence expresses that it "serves as an appeal"—because the letter is, in substance, a request to ANR to reverse or reconsider its own determination. Again, we look to our procedural Rules to determine whether Appellant's letter satisfies the minimum requirements for a notice of appeal.

V.R.E.C.P. 5(b)(3) provides that a notice of appeal must at least contain the following minimum information: (a) the parties and the basis for party status; (b) the decision appealed from; (c) the court to which the appeal is taken; (d) a signature on behalf of the appellant; and (e) a description and address for the subject property. Here, Appellant's letter specifies the parties involved; party status is assumed because Appellant is the party who applied to ANR for PCF reimbursement; the decision appealed from is highlighted; the tribunal to which the appeal is taken—albeit incorrectly to ANR—is specified; the letters are signed; and the property is adequately described. Therefore, we conclude that Appellant's December 10th appeal letter contained all the information necessary to fulfilled the requirements of V.R.E.C.P. 5(b)(3). We further note that the Rule provides that "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal . . .." Id. The deficiencies in Appellant's final appeal letter, in our estimation, do not rise beyond informality of form or title. Dismissal is therefore not warranted here.

In summary, we conclude that Appellant's December 10th letter contained the necessary information and was timely filed under our procedural Rules. When ANR staff received the appeal letter that Appellant mistakenly filed with ANR, they were obligated to fulfill the procedures established under V.R.E.C.P. 5(b)(1), so that Appellant's appeal could be properly filed with this Court. Because ANR did not fulfill these procedural obligations, we are compelled to regard Appellant's appeal letter as being filed with this Court on the date that ANR

5

received it.  Thus, we regard Appellant's appeal letter as being timely filed and therefore vesting this Court with the jurisdiction to hear Branford Oil's appeal.

## Conclusion

For all the reasons more fully discussed above, we **DENY** the motion to dismiss the appeal filed on behalf of ANR.  This matter will next be scheduled for a conference with the Case Manager, at which the parties should be prepared to discuss the scheduling of discovery, mediation and other items necessary to prepare this matter for trial.

Done at Berlin, Vermont this 9th day of May, 2008.


_____

Thomas S. Durkin, Environmental Judge