**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Barrup Auto Sales Relocation**                          **Docket No. 216-12-10 Vtec**
**(Appeal from Town of Derby**
**Planning Commission decision)**

Title: Motion to Dismiss (Filing No. 1)

Filed: January 14, 2011

Filed By: Joseph S. McLean, Attorney for Appellee Town of Derby

Response in Opposition filed on 3/2/11 by Clarke D. Atwell, Attorney for Appellant Kevin Barrup
Reply filed on 3/4/11 by Joseph S. McLean, Attorney for Appellee Town of Derby


  X   Granted                        ___ Denied                        ___ Other


Before the Court is a motion filed by the Town of Derby ("Town") to dismiss as untimely an appeal by Kevin Barrup from the Town of Derby Planning Commission's ("Planning Commission") denial of site plan approval for the relocation of a car dealership on Mr. Barrup's property. The Planning Commission issued its decision denying site plan approval on November 22, 2010, and notice of the decision was received by Mr. Barrup on November 24, 2010. Mr. Barrup's notice of appeal was received by the Court on December 27, 2010.

In order for this Court to have jurisdiction over a dispute involving a decision of a municipal panel, a prospective appellant must file a notice of appeal "with the clerk of the Environmental Court . . . within 30 days of the date of the . . . decision . . . appealed from." V.R.E.C.P. 5(b)(1). A prospective appellant can also ask the Court for permission to have more time to file a notice of appeal. See V.R.E.C.P. 5(b)(1); V.R.A.P. 4(d). However, without receipt of a timely-filed notice of appeal, this Court does not have jurisdiction to hear the prospective appellant's arguments. See, e.g., In re Gulli, 174 Vt. 580, 583 (2002).

Here it is unrefuted that the Planning Commission issued its decision on November 22, 2010. Within a 30-day period ending on December 22, 2010 Mr. Barrup had the option of filing a notice of appeal or requesting extra time in which to do so. Mr. Barrup failed to avail himself of either option, instead filing a late notice of appeal on December 27, 2010.

We cannot accept Mr. Barrup's argument that the date of the mailing of his notice of appeal, which he indicates was December 22, should operate as the date of its filing. Our Supreme Court considered and rejected this same argument as put forth by a self-represented litigant in In re Appeal of LeBlanc. No. 2005-179, slip op. at 1 (Vt. Nov. 2005) (unpublished mem.). In that decision the Supreme Court explained that "a notice of appeal is filed on the date that it is received rather than mailed." Id.; see also Reporter's Notes, V.R.E.C.P. 5(b)(1).

Because we lack jurisdiction to hear Mr. Barrup's late-filed appeal, we **GRANT** the Town's motion to dismiss.

_____          _____March 9, 2011_____
        Thomas S. Durkin, Judge                                  Date

======================================================================
Date copies sent to: _____                    Clerk's Initials _____
Copies sent to:
  Clarke D. Atwell, Attorney for Appellant Kevin Barrup
  Joseph S. McLean, Attorney for Appellee Town of Derby