

APR 2 1 2011

VERMONT
SUPERIOR COURT
ENVIRONMENTAL DIVISION

**State of Vermont**
**Superior Court—Environmental Division**

===========================================================================
**ENTRY REGARDING MOTION**
===========================================================================

**In re Saman ROW Approval**                                   **Docket No. 176-10-10 Vtec**
**(Appeal from Town of Plainfield**
**Development Review Board decision)**

Title: Motion for Extension of Time to File Cross-Appeal (Filing No. 2)

Filed: February 3, 2011

Filed By: Brice C. Simon, Attorney for Interested Person Brenda Lindemann

Motion to Dismiss Cross-Appeal filed on 2/14/11 by Thomas Hayes, Attorney for Appellee/
   Applicant Peter Saman

Memorandum in Support of Cross-Appeal filed on 3/10/11 by Elizabeth H. MaGill, Attorney
   for Appellant William Basa

___ Granted                  _X_ Denied                    ___ Other

      Brenda Lindemann has moved for an extension of time in which to file a notice of cross-appeal in this appeal of an on-the-record decision of the Town of Plainfield Development Review Board ("DRB") approving Peter Saman's application for the use of a right-of-way that connects his property at 351 Bartlett Road to Lindemann Lane. Ms. Lindemann entered an appearance as an interested person in this appeal and later sought, through a motion seeking an extension of time, to appeal the DRB decision.

      Our analysis of this motion must begin with an acknowledgement that the Court's receipt of a timely filed notice of appeal is a prerequisite to our exercise of jurisdiction over an appeal. See, e.g., In re Gulli, 174 Vt. 580, 583 (2002) ("Failure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal."). This is true for cross-appeals as well. See Union Bank v. Jones, 138 Vt. 115, 124 (1980). Because the timelines establishing when a party can appeal are jurisdictional in nature we are unable to provide more extensions than our rules explicitly allow, even when the party wishing to appeal is self-represented. See Reporter's Notes, V.R.A.P. 4; In re Waitsfield Public Water Sys. Act 250 Permit, No. 33-2-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 15, 2010) (Durkin, J.).

      Under our procedural rules, a prospective appellant must file a notice of appeal with the Court within 30 days of the act or decision being appealed. V.R.E.C.P. 5(b)(1). The appellant then has 20 days to file a statement of questions. V.R.E.C.P. 5(f). Additional prospective appellants or cross-appellants have 14 days from the date that the original appellant's statement of questions is due to file their own notices of appeal. V.R.E.C.P. 5(b)(2). Any of these classes of appellants can request a limited amount of extra time in which to file a notice of appeal, but that request must be made within 30 days after their notice of appeal was due and must be accompanied by a showing of "excusable neglect or good cause." See V.R.A.P. 4(d); V.R.E.C.P. 5(a)(2).

      Here, William Basa filed a notice of appeal on October 25, 2010, contesting the failure of the DRB to issue a decision denying Mr. Saman's application. Subsequently, on November 5, 2010, the DRB issued a decision approving the application. While the circumstances here, where the appellant filed his notice of appeal prior to the DRB decision, make tricky the calculation of the date on which his statement of questions

was due,[1] even if we adopt the calculation that is the most beneficial to Ms. Lindemann—that is, we assume that Mr. Basa's statement of questions was due 20 days after the DRB issued its decision—Ms. Lindemann's notice of cross-appeal and request for an extension of time in which to file were both untimely.

If we assume Mr. Basa had 20 days after the DRB issued its decision to file his statement of questions, he had until November 25, 2010 to complete his filing, and Ms. Lindemann had 14 subsequent days to file her notice of cross-appeal, or until December 9, 2010.[2] Her alternative was to seek, within 30 days of December 9, or by January 10, 2011,[3] an extension of time in which to file her cross-appeal. In short, in order for this Court to have jurisdiction to hear Ms. Lindemann's cross-appeal she would have had to file either a notice of appeal by December 9, 2010 or a motion seeking an extension of time by January 10, 2011.[4]

Because Ms. Lindemann met neither of these dates, instead filing on February 3, 2011 both a notice of cross-appeal and a motion for an extension of time in which to file it, we do not have before us a timely filed notice of appeal or extension request. Thus, we have no jurisdiction to hear Ms. Lindemann's appeal or the arguments she has put forward in her motion that discuss excusable neglect or good cause.

Ms. Lindemann also appears to argue that her motion should qualify as timely under the provisions of V.R.A.P. 4(c), but we fail to see how these provisions would save Ms. Lindemann's motion, even if we were to assume facts in her favor. Rule 4(c) allows a court to reopen, for a limited number of days, the time in which a prospective appellant can file a notice of appeal if that appellant was entitled to "notice of the entry of a judgment or order" and received none. Here, Ms. Lindemann does not allege that she received no written or oral notice of the DRB's November 5, 2010 decision. Instead she argues that she did not have access to the official record of that decision until her time to appeal had lapsed.

Although this is an on-the-record appeal of a municipal decision, a party who is entitled to notice of that decision need not have had access to the official record of the decision in order in order for the appeal period to run. Cf. Hinsdale v. Vill. of Essex Junction, 153 Vt. 618, 622, 624–25 (1990) (indicating that a party with actual notice of a municipal panel decision, resulting from an oral announcement by that panel, can file a notice of appeal under V.R.A.P. 4(a)). Even if we assume that Ms. Lindemann was entitled to notice of the DRB decision and did not receive a copy of the decision before our January 24, 2011 pre-trial conference,[5] during that conference she acquired actual notice of the decision. That actual notice would have

---

[1] One reading of our procedural rules would require Mr. Basa to have filed his statement of questions 20 days after his notice of appeal, or by November 15, 2010. See V.R.E.C.P. 5(f) ("Within 20 days after the filing of the notice of appeal, the appellant shall file . . . a statement of questions . . . ."); V.R.C.P. 6(a); V.R.E.C.P. 5(a)(2). However, another principle found in our procedural rules implies that Mr. Basa's notice of appeal can be treated as premature and effectively filed the date that the DRB issued its decision, or on November 5, 2010. See V.R.E.C.P. 4(a) ("A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof."); In re Waitsfield Public Water Sys. Act 250 Permit, No. 33-2-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 15, 2010) (Durkin, J.); V.R.E.C.P. 5(a)(2). Under this principle Mr. Basa's statement of questions was due 20 days after November 5, or on November 25, 2010. Because adopting the latter principle would give Ms. Lindemann the longest timeline in which to file a notice of appeal, we give her the benefit of the timeline under the latter principle.

[2] We note that even if we considered Ms. Lindemann's notice of cross-appeal to be, despite its title, a notice of appeal distinct from Mr. Basa's, she would have had to file such a notice within 30 days of the DRB's decision, or by December 6, 2010. Because December 6 is an earlier deadline than that required for a cross-appeal here we choose not to examine her filings under this alternative scenario.

[3] Because 30 days after December 9, 2010 is Saturday, January 8, 2011, Ms. Lindemann had until Monday, January 10, to complete the filing. See V.R.C.P. 6(a); V.R.E.C.P. 5(a)(2).

[4] To the extent that Ms. Lindemann interprets the Court's Scheduling Order of January 26, 2011 to grant her extra time in which to file a notice of appeal, she is misunderstanding that Order. In our Order we simply asked that any filings addressing the matter of Ms. Lindemann's potential appeal be submitted by February 7, 2011 so that we could enter a ruling on the matter in a timely fashion. See V.R.E.C.P. 4(d)(3).

[5] It is unclear if Ms. Lindemann is alleging that she was not mailed a copy of the DRB decision.

triggered a provision in Rule 4(c) that, if Rule 4(c) were to apply to her, would have given her seven days after January 24, or until January 31, to file a motion to reopen the time in which she could file a notice of appeal. Since her filings were not completed until February 3, 2011, they cannot qualify as timely under V.R.A.P. 4(c).

Even under interpretations of the applicable rules for filing a notice of appeal that are the most favorable to Ms. Lindemann, we do not have jurisdiction to hear her appeal. We therefore **STIRKE** her Notice of Cross-Appeal and Statement of Questions from the record and **DENY** her motion for extension of time in which to file a notice of cross-appeal. Although she cannot participate in this appeal as an appellant, Ms. Lindemann remains an interested person in this appeal initiated by Mr. Basa; it is Mr. Basa's Statement of Questions that will control the scope of this appeal.

_____                          _____April 21, 2011_____
Thomas S. Durkin, Judge                                              Date

Date copies sent to: 4/21/11                                    Clerk's Initials _ll el_
Copies sent to:
   Elizabeth H. MaGill, Attorney for Appellant William Basa
   Thomas Hayes, Attorney for Appellee/Applicant Peter Saman
   Robert Halpert, Attorney for Interested Person Town of Plainfield
   Brice C. Simon, Attorney for Interested Person Brenda Lindemann