**State of Vermont**
**Superior Court—Environmental Division**

===============================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
===============================================================================

**In re Freimour & Menard CU Permit**                     **Docket No. 59-4-11 Vtec**
**(Appeal of Pigeon)**

Title: Motion to Dismiss as Untimely Filed (Filing No. 2)

Filed: May 31, 2011

Filed By: Claudine C. Safar, Attorney for Appellees/Applicants Sharon Menard and Louis Freimour

Response in Opposition filed on 6/8/11 by Pietro J. Lynn, Attorney for Appellants Allen and Doreen Pigeon

___ Granted                    _X_ Denied                    ___ Other

        Appellees/Applicants Sharon Menard and Louis Freimour ("Applicants") have moved to dismiss as untimely an appeal filed by Appellants Allen Pigeon and Doreen Pigeon contesting the issuance of a conditional use permit to Applicants by the Town of Swanton ("Town") Zoning Board of Adjustment ("ZBA"). The permit allows Applicants to convert and substitute a former seasonal dwelling with a new year-round residence.

        Because the filings the parties submitted in connection with the pending motion reference and include documents outside of the pleadings themselves, we concluded that it is appropriate to treat the pending motion to dismiss as a motion for summary judgment. See V.R.C.P. 12(b) ("If, on a motion . . . to dismiss . . . , matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."). In an Entry Order dated June 9, 2011, we gave the parties until June 17, 2011 to submit supplemental filings, and we now take up the substance of the motion.

        In order for the Court to grant summary judgment in favor of the moving party (here, the Applicants), we must conclude both that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See V.R.C.P. 56(c)(3). In examining the material facts, we give the non-moving party (here, the Pigeons) the benefit of all reasonable doubts and inferences and accept as true the factual allegations the non-moving party makes in opposition to the motion "so long as they are supported by affidavits or other evidentiary material." Robertson v. Mylan Labs, Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citations omitted).

        In their motion, Applicants seek dismissal of the Pigeons' appeal as untimely filed, arguing that the appeal was not filed within 30 days of the date of the ZBA meeting during which the Applicant's conditional use permit was orally approved. For the reasons stated below, we disagree with Applicants' assessment of the procedural facts and find the Pigeons' notice of appeal timely.

        The receipt of a timely notice of appeal from a municipal panel's decision is a prerequisite to this court's exercise of jurisdiction. See In re Appeal of Gulli, 174 Vt. 580, 583 (2002) (mem.) ("Failure to file timely notice of an appeal brought under [24 V.S.A.] § 4471 deprives the environmental [division] of jurisdiction over that appeal.") Our procedural rules require that a prospective appellant file a notice of appeal "within 30 days of the date of the act, decision or jurisdictional opinion appealed from." V.R.E.C.P. 5(b)(1). Although we will accept a notice of appeal filed by a prospective appellant following an oral decision by a municipal panel, we measure the 30-day appeal period either from the date the

panel's decision is "issued in writing" or from the date on which an application is "deemed approved" for failure of the panel to issue a decision. 24 V.S.A. § 4464(b) (requiring decisions of municipal panels to be issued in writing); see In re White, 155 Vt. 612, 615 (1990) (concluding that decisions of municipal panels are considered final for purposes of appeal following the written rather than oral decision).

When a municipal panel's determination does not lead to a formal decision with a dated signature page it can be challenging to determine what, if anything, constitutes the panel's written decision. Our legislature has determined that meeting minutes qualify, 24 V.S.A. § 4464(b), and we have previously looked to the date on which the minutes are approved and signed to establish issuance and start the appeals period. See, e.g., Perini Road Quarry (Appeal of Burnhans), No. 264-12-05 Vtec, slip op. at 5 (Vt. Envtl. Ct. Aug. 28, 2006) (Durkin, J.).

Here, the undisputed procedural facts are as follows. On March 24, 2011 the ZBA held a public hearing on a number of permit requests, including Applicants' conditional use permit request. Both Applicants and the Pigeons were present at the hearing. According to the March 24 meeting minutes, following a forty-minute deliberative session, the ZBA went back into open session and orally approved Applicants' application for a conditional use permit. During a subsequent April 28, 2011 meeting of the ZBA, the ZBA orally approved the March 24 meeting minutes. Despite a statement to the contrary by Applicants, neither set of minutes contained in the record includes the signatures of the ZBA members.

Prior to the April 28 ZBA meeting, the Chairman of the ZBA mailed a letter to Applicants dated March 28, 2011 informing them that their conditional use permit request had been approved during the March 24 meeting. This letter contains a recitation of the decision made at the March 24 meeting but does not discuss the appeal rights of any party.[1] The Pigeons state that they received a copy of the same letter in March. On April 25, 2011, the Pigeons filed a notice of appeal with the Court challenging the ZBA's decision.

While the Pigeons were entitled to appeal as soon as they received oral notice of the ZBA's decision, they had until 30 days after that decision was issued in writing to appeal. If the letter dated March 28, 2011 constitutes issuance, the Pigeons' April 25th notice of appeal was timely.[2] If the approval of the meeting minutes on April 28, 2011 constitutes issuance, the Pigeons' April 25th notice of appeal was timely.[3] We need not decide which document is the definitive written decision because each, individually, leads us to the same conclusion—the Pigeons' notice of appeal was timely filed, and, therefore, this Court has jurisdiction to hear their claims.

Consequently, we **DENY** Applicants' motion to dismiss, which we have treated as a motion for summary judgment on the issue of whether Applicants' appeal is timely. We find that the appeal was timely.



_____                    _____September 7, 2011_____
          Thomas S. Durkin, Judge                                                    Date

========================================================================

[1] Section 5.4(C) of the Town's zoning ordinance requires written decisions of the ZBA to describe appeal rights. See Swanton Land Use & Development Regulations ("The Board . . . shall issue a written decision to include findings, any conditions deemed necessary to ensure compliance with the standards . . . , and provisions for appeal.") (emphasis added).

[2] The Pigeons themselves argue that the letter is not sufficient as a written decision because it does not fully comply with the Town's requirement that such a decision describe appeal rights. Because the Pigeons' appeal is timely even if we consider the letter to be sufficient, we need not address their argument about insufficiency.

[3] In this situation, because the notice would have been effectively filed before the decision was issued, we would treat it as filed on the date the meeting minutes were approved. See V.R.A.P. 4(a); V.R.E.C.P. 5(a)(2).

Date copies sent to:  _____                              Clerk's Initials _____
Copies sent to:

 Town of Swanton

 Pietro J. Lynn, Attorney for Appellants Allen and Doreen Pigeon

 Claudine C. Safar, Attorney for Appellees/Applicants Louis Freimour and Sharon Menard