**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

| | } | |
|---|---|---|
| In re: Stagecoach Road Overhead | } | Docket No. 235-10-07 Vtec |
| Power Line Extension | } | |
| | } | |

### Decision on Pending Motions

Appellant William F. Heanue sought a determination that changes to the manner in which electricity would be delivered to a previously approved six lot subdivision on Stagecoach Road constituted a violation of the Town of Morristown/Morrisville Subdivision Bylaws ("Bylaws"). When the Town of Morristown/Morrisville Zoning Administrator ("ZA") concluded that the electricity supply changes did not constitute a violation, Appellant Heanue filed a timely appeal with the Town of Morristown/Morrisville Development Review Board ("DRB"). When the DRB declined to overturn the ZA's determination of no violation, Appellant filed an appeal with this Court.

The Town of Morristown ("Town") has filed a motion for summary judgment, seeking dismissal of the pending appeal. At the initial status conference, held on December 17, 2007, Appellant conceded that his appeal to this Court was untimely filed. Appellant offered two responses to the Town's motion: first, that he should be granted an extension of time in which to make his appeal timely;[1] second, that since he was employed as a merchant marine, he was entitled to protection from adverse civil court determinations by what has been known as the Soldiers' and Sailors' Relief Act. We first address these responses to the Town's motion requesting that we summarily dismiss Appellant's appeal.

### Factual Background[2]

1.     The Kenfield Brook subdivision secured final DRB approval on September 14, 2006.[3] This six-lot subdivision is located on Stagecoach Road, about one-quarter mile north of

---

[1] On January 4, 2008, Appellant filed his written request for an extension of time, together with his reply to the Town's summary judgment motion.

[2] The facts are stated here solely for context purposes. This Court will not be rendering its own factual findings, either in response to the pending motion or in a merits hearing, since the Town has elected to have appeals of its land use determinations to be on-the-record, pursuant to 24 V.S.A. § 4471(b) and V.R.E.C.P. 5(h).

[3] The DRB's prior approval in October, 2005 of the Kenfield Brook subdivision was appealed to this Court, resulting in the 2005 approval being vacated. See In re Stagecoach Road 6-Lot Subdivision (appeal of Wickart), Docket No. 238-11-05 Vtec (Vt. Envtl. Ct. May 15, 2006) (Wright, J.). We have not been made aware of any party appealing the DRB's 2006 approval of the revised Kenfield Brook subdivision; the 2006 approval is therefore final. 24 V.S.A. § 4472(d).

1

Appellant's property at 582 Stagecoach Road. The 2006 DRB decision noted that the Kenfield Brook subdivision "applicant proposes to extend power and utility lines along Stagecoach Road within the edge of the existing highway right-of-way so as to minimize the creation of additional easements or restrictions. Power and utility lines will be buried from the highway right-of-way to individual lots." Id. at ¶ 9.

2. The Kenfield Brook subdivision developers thereafter contacted the Morrisville Water & Light Department ("MWLD"), which is the municipal power utility that supplies electricity to Stagecoach Road homes through its electric transmission lines within easements along Stagecoach Road. MWLD thereafter assessed how best to supply electricity to the homes within the Kenfield Brook subdivision, reaching the conclusion that it would upgrade its transmission lines south of Appellant's property by extending its overhead transmission lines by four poles, to which underground transmission lines would then carry electricity to the individual homes in the Kenfield subdivision.

3. Appellant believed that the MWLD overhead transmission line extension, particularly across from his home along a road designated as scenic by the Town Plan, was a violation of the terms and conditions of the Kenfield Brook subdivision approval. He therefore sought a determination by the ZA that the extension of overhead transmission lines was a zoning violation. The ZA concluded that no violation occurred.

4. On September 26, 2007, the DRB issued its denial of Appellant's appeal of the ZA's determination that no violation had occurred. On October 29, 2007, Appellant filed his appeal with this Court of the September 26, 2007 DRB decision.

5. On January 4, 2008, in recognition of his untimely filing of his original notice of appeal, Appellant filed a request that he be granted an extension of time, so as to make his original appeal filing timely.

6. In partial explanation for his untimely appeal, Appellant noted that he is a merchant marine, regularly employed by private entities to work at sea, sometimes for as long as six months at a time.

7. Appellant is not a member of the armed forces or other military services of the United States, as defined in the Servicemembers Civil Relief Act of 2003 (50 U.S.C. §§ 501 et. seq.).

## Discussion

We first turn our focus to the import of the undisputed fact that Appellant is a merchant marine and is at times required to work at sea for up to six months at a time. The Soldiers' and

Sailors' Relief Act of 1940 was an expansion of a Civil War era law designed to protect soldiers from civil liabilities and penalties during their time of active service; the Act was codified in 50 U.S.C. §§ 501 et. seq. The law was most recently amended in 2003 and re-titled the Servicemembers Civil Relief Act ("SCRA").

SCRA provides protection or stays from civil actions while a service member is on active duty. 50 U.S.C. §§ 511 and 522. The 2003 amendments to the Act included a broadening of the protections for active duty servicemembers: the Act now effectuates a stay in "any civil action or proceeding in which the plaintiff or defendant at the time of filing" is an active duty servicemember. 50 U.S.C. § 522(a). The act now requires that a civil court impose a stay of its proceedings "of no less than 90 days" when a qualified application is made by an active duty servicemember. Id.

Our review of the Act finds no reference to merchant marines, particularly those employed by private entities and not called up for active duty in our armed services. In fact, our research revealed uncontroverted precedent from the United States Circuit Court for the Second Circuit that the term "persons in military service" who are afforded protection under the Act does not include merchant marines. Osbourne v. United States, 164 F.2 767, 769 (1947). We therefore conclude that Appellant here is not afforded protection under the Act by virtue of his status as a merchant marine.

We next turn to Appellants' request for an extension of time in which to file a timely appeal of the September 26, 2007 DRB denial of his appeal. In considering this request, we note that no party has disputed Appellant's claims that his work as a merchant marine requires him to be at sea for periods as long as six months at a time and that during these periods, it is sometimes impossible for Appellant to remain in contact with Vermonters and Vermont officials.

We also note, however, that Appellant concedes that his appeal was not filed on a timely basis and that his request for an extension of time was filed on January 4, 2008, which was more than sixty days after the expiration of the applicable appeal period. Extension requests to this Court are governed by V.R.A.P. 4(d), which allows for extension requests that are filed during the period of appeal or thirty days thereafter. There is no provision in the Rule for the granting of extension requests that are filed more than thirty days thereafter, whether or not the extension is necessitated by "excusable neglect or good cause." Id. We are left without foundation in our procedural rules for the granting of the filing extension that Appellant now seeks.

3

In so ruling, we in no way diminish the scenic beauty Appellant sought to protect in these proceedings, nor the hardships Appellant's work as a merchant marine requires him to face. We must, however, respect that this is a court of limited subject matter jurisdiction. That precedent and the rule of law require this Court to respect its jurisdictional limitations. This Court only has the authority to entertain appeals that are timely filed. In re Gulli, 174 Vt. 580, 583 (2002). When an appellant fails to timely file an appeal of a municipal land use determination, such failure to timely file the appeal "deprives the environmental court of jurisdiction over that appeal." Id.

We regret that this Court will not be able to hear Mr. Heanue's appeal on its merits, but must conclude that we are unable to do so because his failure to assure that his notice of appeal was timely filed deprived this Court of jurisdiction to hear his appeal.

## Conclusion

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's motion for summary judgment must be **GRANTED**. Appellant William F. Heanue's appeal his hereby **DISMISSED, WITH PREJUDICE**. This concludes the proceedings before this Court. The next status conference, previously scheduled for Monday, March 10, 2008 at 2:00 PM, is hereby **CANCELLED**.

Done at Newfane, Vermont, this 29th day of February, 2008.

_____
Thomas S. Durkin, Environmental Judge