STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Vanishing Brook Subdivision | } | Docket No. 223-10-07 Vtec |
| (Appeal of Hemmeter) | } |  |
|  | } |  |

Decision and Order on Motion to Reconsider or Alter

Appellant Susan Hemmeter appealed from a September 19, 2007 decision of the Development Review Board (DRB) of the Town of Warren, relating to signing of the final[1] subdivision plat for the so-called "Vanishing Brook" subdivision proposed by Appellee-Applicants Danforth and Elizabeth Newcomb.  Appellant is represented by Paul S. Gillies, Esq., Appellee-Applicants are represented by Carl H. Lisman, Esq., and the Town of Warren is represented by Elizabeth H. MaGill, Esq.

Appellant has moved to reconsider or alter this Court's decision dismissing the appeal for Appellant's lack of standing.  The Court has fully reviewed its decision and the parties' memoranda, and declines to change the result.

The two issues raised in Appellant's Statement of Questions were solely:

1. Whether the plat approved by the Warren DRB on September 19, 2007 was materially inconsistent with the Subdivision Permit issued by the DRB on June 20, 2007.[2]

---

[1]  After receiving final plan approval of a subdivision under § 6.4(C) of the ordinance, an applicant is obligated under § 6.5 to file an archival plastic (mylar) copy and three paper copies of the final subdivision plat for recording in the Town's land records.  Prior to plat recording, the plat must be signed by at least two authorized members of the DRB.  See August 3, 2007 DRB Notice of Decision at p. 5.

[2]  The final subdivision approval appears to have been voted on by the DRB at its June 20, 2007 meeting, but the written decision was issued on August 3, 2007.  For consistency, we will continue to refer to it as the June 2007 DRB decision granting final subdivision approval.

1

and

2. Whether the inconsistency between the plat and the permit justifies the invalidation of the DRB's approval of the plat.

As discussed in the Court's decision, Appellant has not brought an action under 24 V.S.A. § 4470(b) to enforce the terms of the DRB's June 2007 decision granting final approval to the subdivision or to require the final plat to conform to the June 2007 decision. Rather, the scope of the present appeal is limited to the DRB's review and signing of the mylar copy of the final plat at its September 19, 2007 meeting. The scope of the present appeal is further limited by the Statement of Questions, which have only to do with unspecified discrepancies between the June 2007 DRB decision granting final approval to the subdivision and the mylar copy of the final subdivision plat signed by the DRB in September.

Because the June DRB decision granting final approval to the subdivision was not appealed by anyone (including the Conservation Commission, of which Ms. Hemmeter was a representative in that proceeding), it cannot be challenged, either directly or indirectly, in the present appeal. 24 V.S.A. §4472(d).

Ms. Hemmeter stated in ¶ 20 of her December 2007 affidavit in support of her standing in the present appeal that "[s]ince the final plat had not yet been approved by the DRB, and since the updated plat showed much greater detail than what had been presented to the DRB when the [final subdivision plan] had been approved, I saw an opportunity for the DRB to reconsider whether they had adequately reviewed the impacts of this subdivision on conservation areas as required in the regulations." (Emphasis added.) Regardless of whether Ms. Hemmeter qualifies for standing in the present appeal, this Court in this appeal is precluded by § 4472(d) from reexamining the terms of the June 2007 granting final approval to the subdivision. The only issue in the present proceeding could be whether the mylar copy of the final subdivision plat accurately reflects the terms of the

2

June 2007 final subdivision approval.  Cf. In re Appeal of Gulli, 174 Vt. 580, 583 (2002) (limiting appeal to approval of final parcel map).

The motion to dismiss for lack of standing made two arguments: that Appellant had participated in the hearing only in her representative capacity on behalf of the Conservation Commission, and that Appellant did not qualify under 24 V.S.A. § 4465(b)(3). The Court rejected the first of these arguments and, as no party seeks reconsideration of the decision on this issue, it will not be further discussed.

As to the second argument, the Court's decision examined the three elements of standing required of an individual appellant by 24 V.S.A. § 4465(b)(3).  That section requires appellant to own or occupy property "in the immediate neighborhood" of the proposed project, to "demonstrate a physical or environmental impact on the person's interest under the criteria reviewed," and to allege that the DRB's decision or act, if upheld, "will not be in accord with the policies, purposes, or terms of the [municipal] plan or bylaw."

In Appellant's initial response to the motion to dismiss, she argued only that "she has a legitimate concern about the impact of this development on [the] highway that she uses to reach her home," and that her "standing is not based on aesthetics or a view, but on the likely impact to the highway which she uses to reach her job."  Her attached affidavit described the likely effect of the proposal on traffic.[3]  In her further reply to the motion to dismiss, she emphasized that she "will suffer a direct impact from the increased traffic."

The Court's decision determined that Ms. Hemmeter's property was in the "immediate neighborhood," but ruled that she had not asserted an impact on her interest under the criteria reviewed; the Court analyzed that interest with respect to the issue of

---

[3]  The affidavit also stated that Appellant will "be affected by this subdivision due to the loss of critical wildlife habitat."  This statement refers only to the effect of the subdivision, which was approved and not appealed, and is not before this Court in the present appeal.

3

traffic asserted by Appellant in her responses to the motion to dismiss.

Despite Appellant's arguments in her motion memoranda that her standing was based on traffic impacts, she now argues that the Court should infer that she was also claiming standing based on wildlife habitat, simply from the reference in her affidavit to her being "affected by this subdivision due to the loss of critical wildlife habitat," and the fact that her summary judgment motion focused on the asserted discrepancy between the documents with respect to deeryards.

A motion to reconsider or to alter or amend should be used sparingly. In re: Bouldin Camp – Noble Road, Docket No. 278-11-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 13, 2007). Such a motion should "not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (construing F.R.C.P. 59). Such a motion may be used to "correct manifest errors of law or fact" on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law. Id.; accord, In re: Boutin PRD Amendment, Docket No. 93-4-06 Vtec, slip op. at 1-2 (Vt. Envtl. Ct. May 18, 2007) (a motion for reconsideration may not be used to again raise already-rejected arguments, but may be used to address other alleged defects); In re: Britting Wastewater/Water Supply Permit, Docket No. 259-11-07 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 9, 2008); In re: Dodge Farm Community, LLC, Concept Plan, Docket No. 155-7-07 Vtec slip op. at 1–2 (Vt. Envtl. Ct. July 3, 2008).

The present motion does not contain any previously unavailable evidence or argument, and has not demonstrated any manifest errors of law or fact. In any event, the present appeal cannot be used to review or reexamine whether the final subdivision as approved by the DRB in June 2007 should have been approved or should contain any different conditions, as that DRB decision became final without appeal. Therefore the

4

present ruling does not address whether Appellant may have been able to qualify for standing on both traffic and deeryards if such an appeal had been taken.

Nor is the present appeal a proceeding to enforce the June 2007 DRB subdivision approval decision. Therefore, the present ruling does not address whether Appellant may or may not have standing to bring such an action.

Rather, the "criteria to be reviewed" in the present appeal only raise the ministerial question of whether the mylar copy of the final subdivision plan reflects the terms of the June 2007 subdivision approval. The Statement of Questions properly do not deal with whether the mylar copy of the final subdivision plan adequately protects deeryards or other wildlife habitat, as the June 2007 subdivision approval became final without appeal.

Appellant has not asserted or "demonstrate[d] an impact on [her] interest under the criteria reviewed" and therefore does not qualify as an interested person with standing to bring this appeal. Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion to Reconsider or Alter is DENIED. The appeal remains dismissed for lack of standing.

Done at Berlin, Vermont, this 10th day of July, 2008.

_____
Merideth Wright
Environmental Judge

5