STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Sprague Farms LLC | } | Docket No. 107-6-08 Vtec |
| (Appeal of Angell, et al.) | } | |
| (Cross-Appeal of Sprague Farms LLC) | } | |
| | } | |

Decision and Order on Motions to Alter

Appellants Philip A. Angell, Jr., Rosalie M. Angell, David Deep, Joseph Duranchinski, Arthur Fisher, Betsy D. Hale, Norman R. Runnion, and Christian T. Scheindel appealed from a decision of the Development Review Board (DRB) of the Town of Randolph, granting Cross-Appellant Sprague Farms, LLC approval for a ledge quarry with a stone crusher on property located on Ridge Road in Randolph. Appellants are represented by Stephen Reynes, Esq. and Jesse L. Moorman, Esq. Cross-Appellant is represented by Christopher J. Nordle, Esq. The Town has appeared through its Zoning Administrator, Mardee A. Sánchez. Appellants and Cross-Appellants have each moved to alter the Court's November 13, 2009 Decision and Order.

On November 13, 2009, the Court issued a Decision and Order (the November 2009 Decision) in this on-the-record appeal,[1] in which it reversed and remanded the DRB's approval of the ledge quarry on multiple grounds, but postponed ruling on the stone crusher in order to determine whether the parties would prefer to have the DRB

---

[1] In an on-the-record appeal, the DRB's factual findings are to be affirmed if supported by substantial evidence in the record as a whole. In re Miller Conditional Use Application, No. 59-3-07 Vtec, slip op. at 5 (Vt. Envtl. Ct. Nov. 5, 2007) (Durkin, J.). Legal issues, on the other hand, are reviewed without affording deference to the DRB's legal conclusions. In re Beckstrom, 2004 VT 32, ¶ 9, 176 Vt. 622 (mem.) (citing In re Gulli, 174 Vt. 580, 582 (2002) (mem.)).

issue a separate ruling on the stone crusher alone, or whether they preferred that the Court proceed to rule on the stone crusher in the present appeal  In re: Sprague Farms, LLC, No. 107-6-08 Vtec (Vt. Envtl. Ct. Nov. 13, 2009) (Wright, J.).  The Court's decision regarding the stone crusher was based on its observation that the DRB's "discussion of the stone crusher in the DRB decision seems inextricably intertwined with that of the quarry." Id. at 5–9.

During a December 8, 2009 telephone conference, which was scheduled to discuss how the Court was to proceed with the disposition of the stone crusher, id. at 9, the parties and the Court agreed to postpone the procedural decision regarding the stone crusher until after the Court's ruling on the parties' motions to alter.  In addition, at a subsequent telephone conference held with the parties on February 16, 2010, Applicant's attorney informed the Court that Applicant intended to file a new application for both the ledge quarry and the stone crusher under newly adopted Town of Randolph Interim Zoning Regulations, adopted on January 5, 2010 (Interim Zoning Regulations).[2]  At the February 16 conference, the parties nevertheless requested the Court to proceed to rule on the pending motions to alter.

Standard Applicable to Motions to Alter or Amend

Vermont Rule of Civil Procedure 59(e), which is substantially identical to Federal Rule of Civil Procedure 59(e), "gives the court broad power to alter or amend a judgment on motion within ten days after entry thereof."  Drumheller v. Drumheller,

---

[2] Under the Interim Zoning Regulations, § 2.4.3 was amended to address the problems pointed out by the Court in the November 2009 Decision, thereby providing a new ordinance provision under which Applicants can apply for approval of the ledge quarry.  See Interim Zoning Regulations § 2.4.3, available at http://www.randolph.vt.us/index.asp?Type=B_BASIC&SEC={7BFAC193-9A21-4603-AA04-ADECAB35736F}&DE={E392ECAA-81DF-4FD0-933A-D79292865F66}.

2

2009 VT 23, ¶ 28 (citing V.R.C.P. 59, Reporter's Notes).[3] Rule 59(e) is a codification of the trial court's "inherent power to open and correct, modify, or vacate its judgments." Id. (citing West v. West, 131 Vt. 621, 623 (1973)).

A Rule 59(e) motion "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). More specifically, the limited functions of a motion to alter or amend are "to correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.0 (2d ed. 1995)); see also Appeal of Van Nostrand, Nos. 209-11-

---

[3] Rule 59(e) motions to amend or alter only apply to a final judgment, not to interim decisions, such as the Court's November 2009 Decision, which do not result in entry of a final judgment. See In re Mastelli Constr. Application, No. 220-10-07 Vtec, slip op. at 1 (Vt. Envtl. Ct. Nov. 14, 2008) (Durkin, J.), aff'd, Supreme Ct. No. 2009-072 (Sept. 4, 2009) (unpub. mem.) (stating that Rule 59(e) "only pertain[s] to judgments after trial or verdict," but not to interim decisions such as those on pretrial motions); In re Sisters & Bros. Inv. Group, LLP, No. 106-5-06 Vtec, slip op. at 1, n.1 (Vt. Envtl. Ct. June 27, 2007) (Durkin, J.), aff'd, 2009 VT 58 ("[T]he pending motion [to amend] is not strictly governed by V.R.C.P. 59(e), since a final judgment has not yet been issued in this appeal."). Nevertheless, the Court considers motions for reconsideration of or motions to alter or amend orders involving pretrial motions under its "inherent powers to reconsider interim decisions[] so as to avoid error or manifest injustice." In re Mastelli, No. 220-10-07 Vtec, slip op. at 1; see also In re Sisters & Bros., No. 106-5-06 Vtec, slip op. at 1–2, n.1 (stating that "the more appropriate discretionary exercise" with such a motion "is to review it as a more general reconsideration request" (citing Morrisville Lumber Co. v. Okcuoglu, 148 Vt. 180, 182 (1987))). The court applies the standards applicable to Rule 59(e) motions to cases such as this one "by analogy." In re Martin & Perry, LLC, No. 222-10-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. Jan. 22, 2010) (Durkin, J.).

3

04 & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.).

On the other hand, Rule 59(e) should not be used to "relitigate old matters" or "raise arguments or present evidence that could have been raised prior to entry of the judgment." Appeal of Van Nostrand, Nos. 209-11-04 Vtec & 101-5-05 Vtec, slip op. at 4. Disagreement between the moving parties, or disagreement with the court's decision, is not grounds for reconsideration. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.). In the end, a motion to reconsider or to alter or amend is considered "an 'extraordinary' remedy that should be used 'sparingly,'" In re Appeal of Berezniak, No. 171-9-03 Vtec, slip op. at 3–4 (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.1); its disposition "is committed to the court's sound discretion." Rubin, 164 Vt. at 588 (citing Kostenblatt, 161 Vt. at 302).

Reversal of the DRB's Decision as to the Ledge Quarry

In its November 2009 Decision, the Court reversed the DRB's approval of the ledge quarry under § 2.4.3 of the 2007 Town of Randolph Zoning Regulations (2007 Zoning Regulations). In re: Sprague Farms, No. 107-6-08 Vtec, slip op. at 8. The Court concluded that § 2.4.3 of the 2007 Zoning Regulations was invalid, on two independent grounds, and also concluded that the DRB had improperly applied the conditional use standards to the ledge quarry use, as those standards are not referenced in § 2.4.3.

First, the Court held that § 2.4.3 is unconstitutionally "vague and standardless" in that it "does not provide adequate standards to guide the DRB's discretion in approving an otherwise-prohibited use." Id. at 7–8. Second, the Court held that "§ 2.4.3 as written is beyond the scope of the zoning enabling statute, 24 V.S.A. § 4414," id. at 5, because the regulatory method used in § 2.4.3 did not fall under one of the "permissible types of regulations" authorized by the enabling statute. 24 V.S.A. § 4414; see also In re Richards, 174 Vt. 416, 422 (2002) (stating that a "municipality has zoning authority only

4

in accordance with, and subject to, the terms and conditions imposed by the state in making the power grant" (quoting Flanders Lumber & Bldg. Supply Co. v. Town of Milton, 128 Vt. 38, 45 (1969))).  Each of these two rationales provided an independent basis for invalidation of § 2.4.3 of the 2007 Zoning Regulations in its entirety.

In addition, the Court stated an independent basis for reversing the DRB decision that did not turn on the validity of § 2.4.3 of the 2007 Zoning Regulations.  The Court held that, regardless of the validity of § 2.4.3, the DRB decision must be reversed "because the DRB improperly applied the conditional use standards [under § 3.4.1] as well as § 2.4.3 to the quarry use."  In re: Sprague Farms, No. 107-6-08 Vtec, slip op. at 7.[4]

In its motion to alter, Applicant maintains that the Court should not have ruled on the validity of § 2.4.3, arguing that the Court should have considered both the quarry and the stone crusher under the conditional use standards because "the proposed activities are all embodied within the conditional use 'stone crusher.'"  Applicant's Motion to Alter, at 4 (Nov. 30, 2009).  The Court had fully considered this argument in making the November 2009 Decision and concluded that the ledge quarry nevertheless fell under § 2.4.3 of the 2007 Zoning Regulations, rather than under any conditional use

---

[4]  In discussing the DRB's improper use of the conditional use standards in its decision on the quarry, the Court also discussed an issue raised in an earlier decision regarding § 2.4.3, In re: Appeal of French, No. 98-7-01 Vtec, slip op. at 2 (Vt. Envtl. Ct. March 4, 2002) (Wright, J.).  The November 2009 Decision noted that, because the 2007 Zoning Regulations "mak[e] it easier to obtain approval for an otherwise-prohibited use [under § 2.4.3] than for a listed conditional use [under § 3.4.1], the Regulations contain an internal conflict creating an absurd result."  In re: Sprague Farms, No. 107-6-08 Vtec, slip op. at 6; see also id. (stating that "in a district in which [a] proposed use is not allowed at all, even as a conditional use (making it a use 'not specifically permitted' for the purposes of § 2.4.3), § 2.4.3 allows the DRB to approve an otherwise-prohibited use after much less rigorous scrutiny than that required for a conditional use").  However, the Court did not use this observation as a specific ground for overturning the DRB decision or invalidating § 2.4.3.  See id. at 8 (listing the three bases for the Court's holding, which did not include the "internal conflict" in the Regulations that created an "absurd result").

category, including that of stone crusher. <u>In re: Sprague Farms</u>, No. 107-6-08 Vtec, slip op. at 2–5. In its Motion to Alter, Applicant has not come forward with any new rationale, or pointed to any information previously submitted that the Court inadvertently overlooked, which would warrant changing this result. Although stone crushing machinery may be operated either within a quarry or at a separate location, Applicant has not shown the converse: that a quarry is a necessary component of a stone crusher use.

Therefore, after reviewing its previous decision, the record, and the parties' respective motions to amend, the Court declines to alter or amend the November 2009 Decision as to the invalidity of § 2.4.3 of the 2007 Zoning Regulations or as to the DRB's impermissible use of the conditional use standards applied to the quarry, both of which required reversal of the DRB decision.

## Disposition of the Ledge Quarry Application

Appellants argue that the Court should have denied the application as to the ledge quarry in the November 2009 Decision, rather than reversing the DRB's decision as to the ledge quarry and remanding it to the DRB for the entry of that denial, because nothing remains for the DRB to do on remand. The Court has reconsidered this issue and amends its disposition of the DRB decision as to the quarry, recognizing that the DRB need not make any further decision regarding the quarry under the 2007 Zoning Regulations.

Even though the DRB decision as to the stone crusher remains before this Court, V.R.C.P. 54(b) enables the Court to conclude the ledge quarry portion of this appeal by entering a "final judgment as to one or more but fewer than all of the claims . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In light of these considerations, the Court's disposition of the DRB decision as to the ledge quarry is amended to state that, based on

6

the analysis articulated in the November 2009 Decision, and clarified in this decision, the DRB's approval of the ledge quarry under § 2.4.3 of the 2007 Zoning Regulations is hereby REVERSED and its decision approving the ledge quarry under § 2.4.3 of the 2007 Zoning Regulations therefore is VACATED, effectively denying approval of the ledge quarry under § 2.4.3 of the 2007 Zoning Regulations.

The parties should be prepared to discuss at the telephone conference (see enclosed notice) whether a partial final judgment order should be entered under V.R.C.P. 54(b) as to the ledge quarry.


Remaining Proceedings Regarding the Stone Crusher

As to the stone crusher proposed as part of Applicant's project, the Court stated in its November 2009 Decision that

> it is possible that the parties would prefer for the Court to suspend its analysis as to the stone crusher at the present time, as the discussion of the stone crusher in the DRB decision seems inextricably intertwined with that of the quarry. If the Court does proceed to analyze the DRB decision as to the stone crusher, it will determine whether the conditional use approval and site plan approval decisions of the DRB, solely as to the stone crusher, are supported by substantial evidence in the record as a whole.

In re: Sprague Farms, No. 107-6-08 Vtec, slip op. at 9. A decision on whether to proceed in this Court as to the stone crusher was postponed pending the Court's ruling on the present motions.

Appellants argue that the proposed ledge quarry and stone crusher are essentially one project, so that the stone crusher proposal cannot proceed without the ledge quarry, and therefore should also be denied. See Appellants' Motion to Amend, at 3 (Nov. 25, 2009) (stating that "the application does not propose to operate the stone crusher independent[ly] of the quarry" and the "proposed use of the stone crusher is in fact inextricably intertwined with the proposed on-site quarry operation").

7

Nevertheless, because the two elements of the project constituted two distinct uses under the 2007 Zoning Regulations, and because they required approval under two distinct sections of the 2007 Zoning Regulations, Applicant remains entitled to proceed with its application for the stone crusher under the 2007 Zoning Regulations, if it wishes to do so.[5] In the event that the Court does proceed to address the DRB's decision as to the stone crusher, under § 3.4.1 of the 2007 Zoning Regulations, it will determine whether the DRB made sufficient findings and conclusions regarding the stone crusher alone, independent of any of the DRB's findings or conclusions regarding the ledge quarry.[6]

Because the Court declines to alter its holding as to the stone crusher, the Court and the parties must next determine how to proceed with the remainder of the current appeal of the DRB's decision, as to the stone crusher. At the scheduled telephone conference (see enclosed notice), the parties should be prepared to discuss at least the following alternatives regarding the remaining portion of the application on appeal. One alternative is to proceed with the appeal of the DRB's decision, solely as to the stone crusher, under the 2007 Zoning Regulations, as discussed above.

---

[5] Of course, Applicant may, if it wishes, withdraw the current application for the stone crusher and proceed solely with the new application under the Interim Zoning Regulations. See In re: Appeal of Handy, No. 96-6-01 Vtec, slip op. at 2 (Vt. Envtl. Ct. Mar. 18, 2002) (Wright, J.) ("The decisionmaking body, whether it is the [DRB] or this Court, cannot force an applicant to proceed with a project that the applicant wishes to abandon or withdraw. However, in withdrawing an application or a portion of an application, an applicant must accept all the consequences of that withdrawal.")

[6] The parties should bear in mind that, as this is an on-the-record appeal, if the Court should conclude that the DRB made inadequate findings as to the stone crusher, it may be necessary to remand the application to the DRB for further factual findings and, if necessary, an additional hearing. See In re Appeal of Leikert, No. 2004-213, slip op. at 1–2 (Vt. Nov. 10, 2004) (unpublished mem.) (In an on-the-record case, "[t]he DRB is obligated to make findings of fact in rendering its decision," and if it fails to do so "the matter must be remanded to the DRB for more complete findings and conclusions and, if necessary, an additional hearing." (citing 24 V.S.A. § 4470(a))).

8

A second alternative is to place the current appeal as to the stone crusher on inactive status until the DRB rules on the new application submitted by Applicant under the Interim Zoning Regulations.[7]  If the DRB's decision on the new application is appealed to this Court, the two appeals can be consolidated and resolved appropriately at that time.  If the new application is granted and becomes final without appeal, the issues as to the stone crusher remaining in the present appeal will become moot and the remainder of this appeal can be dismissed.  If the new application is denied and the denial becomes final without appeal, the Court will then determine if any party nevertheless wishes it to proceed on the current appeal as to the stone crusher under the 2007 Zoning Regulations.

If the DRB's findings and conclusions as to the stone crusher cannot be separated from its decision as to the ledge quarry, the remaining alternative is to conclude this appeal by remanding the decision to the DRB for it to issue a decision in the first instance on the stone crusher alone, under the 2007 Zoning Regulations, independently of its findings and conclusions relating to the ledge quarry.

The decision on whether to proceed in this Court as to the stone crusher, to postpone its consideration pending the DRB's decision on the new application under the Interim Zoning Regulations, or to remand it for the DRB to produce findings and conclusions under the 2007 Zoning Regulations as to the stone crusher alone, will be discussed at the scheduled telephone conference (see enclosed notice).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Cross-Appellant Sprague Farms, LLC's Motion to Alter is DENIED, and Appellants' Motion to Alter is GRANTED in Part and DENIED in Part, as follows:

The Court declines to alter or amend the November 2009 Decision reversing the

---

[7] See note 2 and accompanying text, above.

9

DRB decision as to the ledge quarry, either based on the invalidity of § 2.4.3 or based on the DRB's impermissible use of the conditional use standards applied to the quarry. The Court also declines to alter its determination that the stone crusher use must be analyzed separately from the proposed ledge quarry use.

The Court's disposition of the appeal as to the ledge quarry is amended to state that the DRB's approval of the ledge quarry under § 2.4.3 of the 2007 Zoning Regulations is hereby REVERSED and its decision approving the ledge quarry under § 2.4.3 of the 2007 Zoning Regulations therefore is VACATED, effectively denying approval of the ledge quarry under § 2.4.3 of the 2007 Zoning Regulations.

A telephone conference has been scheduled (see enclosed notice) to discuss whether to enter a partial final judgment order as to the ledge quarry, and how to proceed with the appeal of the DRB's decision as to the stone crusher, particularly in light of any new application filed or to be filed under the Interim Zoning Regulations.

Done at Berlin, Vermont, this 10th day of March, 2010.

_____
Merideth Wright
Environmental Judge